JOHNSON, ET AL. v. GRAY.

1. In a summary proceeding against a constable and his sureties, for failing to pay over money collected by virtue of an execution, the question to be tried is not merely whether money was collected, but is also, whether it was collected by virtue of the particular execution, which the plaintiff describes in his notice ; consequently a misdescription of the execution is a fatal defect, and when it is doubtful, whether money was collected on the execution described, or another, the jury must decide upon which it was collected.

WRIT of error to the Circuit Court of Barbour county.

This is a proceeding by Gray against Johnson and his sureties, to recover a sum of money alleged to have been collected by him as constable, and not paid over upon demand. The notice asserts that this collection was made by virtue of an execution issued by a justice of the peace against Austin H. Smiley, on the 10th of August, 1841. The plea is, that the money mentioned in the execution set out in the notice, was not collected.

The plaintiff introduced the justice of the peace as a witness, and also, gave in evidence his dockets and other evidence tending to establish the necessary facts. The defendant produced an execution against Austin and James Smiley, and proved by the justice of the peace, that this execution was the one issued on the 10th of August, 1841.

On this state of proof, the defendants requested the court to charge the jury, that if they should believe the money was collected by Johnson upon the execution against Austin and James Smiley, and not upon the one set out in the notice, then they should find for the defendants. This was refused, and the court instructed the jury, that it was not for them to take into consideration such variance, if it existed, but their verdict should be founded on the evidence in the case.

The defendants excepted, and have assigned this matter as error.

WILEY, for the plaintiffs in error.
BUFORD, contra.

GOLDTHWAITE, J.—In these motions, the question before the jury is not merely with reference to the collection of the money, but also is, whether it was collected by virtue of the particular execution which the plaintiff undertakes to describe in his notice.   The consequence is, that when there is a misdescription of the execution, that is a fatal defect.   In the present case, the evidence seems to have left it doubtful whether the money was collected by virtue of an execution against Austin Smiley, or by virtue of one against him and another person.   This doubt was proper to be solved by the jury, and therefore, we think the court erred, in charging that they could not consider the question of variance.

Judgment reversed, and cause remanded.