## WALKER, ET ALS. v. TURNIPSEED.

1. When a motion is made against a sheriff, a variance between the *fi. fa.* described in the notice, and the one produced in evidence, cannot be aided by the production of the original *fi. fa.*, which corresponded with the notice, the motion being made upon an *alias*.

2. When a notice is pleaded to by the sheriff, it is in the nature of a declaration, and may be amended on motion.

Writ of Error to the Circuit Court of Randolph.

MOTION by the defendant in error, against the plaintiff in error, as sheriff of Randolph county, and his sureties.

L. E. PARSONS, for plaintiff in error.

T. D. CLARKE, contra.

ORMOND, J.—The notice in this case informs the sheriff, that a motion will be made against him for failing to pay over on demand, the amount of an execution which is particularly described, which issued on a judgment for $106 55. After a demurrer to the notice, the parties went to trial upon an issue before a jury, when the sheriff moved to exclude the execution, for a variance between it, and the *fi. fa.* described in the notice, the execution, when produced, being for $100 65. The plaintiff to explain it, produced the original *fi. fa.*, which was for the correct amount, the money having been collected on an *alias fi. fa.*, and offered both in evidence. The Court refused to exclude the *alias* from the jury, and permitted the original to go to the jury, as explanatory of it, and to show the true amount of the judgment. This, according to the decision in Johnson v. Gray, 6 Ala. Rep. 276, was erroneous, where it was held. that the question before the jury in such cases, is not only whether the money was collected, but whether it was collected by virtue of the particular execution described in the notice ; and that a misdescription of the execution, is a fatal defect. That decision applies fully to this case.

We think however, that where, as in this case, the notice is pleaded to, it is in *lieu* of a declaration, and may be amended; but no such motion was submitted to the Court.

As the cause must be reversed for this error, we decline a further examination of the assignments of error, as they may not again arise.

Let the judgment be reversed and the cause remanded.