51　489
98　316

51　489
117　546

# Palmer v. Fitts.

*Motion for Summary Judgment against County Treasurer and Sureties on Official Bond.*

1. *Amendment of notice.* — In a summary proceeding by notice and motion, the notice, which serves the double purpose of process and pleading, is amendable under the same rules that govern the amendment of complaints in ordinary action.

2. *What claims must be presented to county commissioners.* — It is not necessary that a claim in favor of a county solicitor, payable out of the fines and forfeitures in the county treasury, should be presented to the county commissioners for audit and allowance.

3. *Constitutionality of law appropriating funds in county treasury.* — There is no constitutional provision, which inhibits the general assembly from appropriating funds in the county treasury to the payment of claims which were not chargeable on those funds when they were collected.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. WM. S. MUDD.

This was a summary proceeding by notice and motion, in favor of P. A. Fitts, late county solicitor of Tuskaloosa county, against Samuel T. Palmer, county treasurer of said county, and the sureties on his official bond as such treasurer. The motion, a copy of which was served on the defendants with the notice, was in these words: " Motion is made in this cause against the said Samuel T. Palmer, as treasurer of said county, and against

[Palmer *v.* Fitts.]

the said sureties on his official bond as such treasurer, for a judgment for the sum of one hundred and eighty dollars, with interest from the demand hereinafter stated, ten per cent. damages thereon, and the costs of this proceeding, upon the following grounds : The said plaintiff, P. A. Fitts, while he was solicitor of said county, to wit, at the fall term, 1869, of the circuit court of said county, rendered services as such solicitor in the following criminal cases therein pending, to wit ; " specifying the name of each case, the offence charged, the conviction of the defendant, the rendition of judgment for the fine and costs, and the amount of the solicitor's fee ; " and in each and every one of the foregoing cases, each and every defendant has been ascertained to be insolvent, by the sheriff's return of ' No property found ' on an execution properly issued in each case against said defendants respectively. And the said plaintiff has filed his account for said services, as above set forth in each case, duly authenticated, and had the same recorded with and by the said county treasurer, Samuel T. Palmer ; and did demand of said county treasurer each of the aforesaid claims for services as aforesaid, to wit, on the 1st day of February, 1872, amounting in the aggregate to the said sum of one hundred and eighty dollars. And yet the said county treasurer did then fail to pay said claims, or any part thereof, and to this day has so failed, although there were then, and have always since been, *funds in the treasury of said county*, to pay the same ; and the said claims, and each of them, in favor of the plaintiff as aforesaid, were allowed him against the said county, by an act of the General Assembly of Alabama, approved December 11, 1871, entitled ' An act to require the county treasurer of Tuskaloosa county to pay the fees now due the county solicitor of said county in certain cases.' Therefore this motion."

The defendants demurred to the notice and motion, and assigned the following causes of demurrer : " 1. Said notice and motion fail to show when the same will be heard. 2. They fail to aver that the fees claimed, as having been taxed against the several defendants named, were lawful fees, and due said solicitor as such. 3. They fail to aver that it was the duty of the said county treasurer to pay the said several sums of money, upon the demand stated therein. 4. They fail to aver that the said claim sued for, or any part thereof, had been allowed to the plaintiff by the court of county commissioners of said county, before the demand made, or before making this motion. 5. They fail to show any legal right on the part of the plaintiff, to proceed by motion to collect said claim. 6. They do not aver that there are funds in the county treasury, but of the fine and forfeiture fund, not otherwise appropriated, to pay

[Palmer v. Fitts.]

said claim. 7. There is no averment that no other claim preferred by law on the 11th December, 1871, has priority over the claim of the said plaintiff; and no averment that said claim was presented under oath, as required by section 4439 of the Revised Code. 8. The motion shows on its face that the said claim accrued before the passage of the act of December 11th, 1871; and that said services were rendered when the general fund of the county was not liable to satisfy such claim; and that said act of December 11th, 1871, is an attempt to legislate the county into a liability from her general funds, which did not exist when said services were rendered. 9. The said notice shows on its face that the said motion is illegal, and that the claim therein set forth is founded on an act which is retrospective, and pretends to create a liability where none existed when said act was passed."

The court permitted the plaintiff to amend his notice and motion, by inserting after the italicized words, as above set out, the words "*not otherwise appropriated;*" and then overruled the demurrer. The allowance of the amendment, to which an exception was reserved by the defendants, and the judgment on the demurrer, are now assigned as error.

VAN HOOSE & POWELL, for appellant.

HARGROVE & LEWIS, *contra.*

BRICKELL, J. — In a summary proceeding of this character, the notice serves the double purpose of process and pleading, and is amendable under the same rules governing the amendment of a complaint in an ordinary action. *Walker* v. *Turnipseed*, 8 Ala. 679; *Jemison* v. *P. & M. Bank*, 23 Ala. 168.

2. The claims on which the motion is founded, were due to the plaintiff as former county solicitor of Tuskaloosa county, on convictions of defendants proving insolvent. The general law declares that these claims shall be paid out of the fines and forfeitures in the county treasury. R. C. § 4343. The claims of State witnesses are entitled to priority of payment from this fund. A statement of the fees is required to be rendered on oath to the county treasurer, setting out the style of each case, and the term at which judgment was rendered. R. C. §§ 4438–9. No other authentication or verification of such claims is necessary. The fines and forfeitures do not arise from taxation. The court of county commissioners has no control over them. No claim created by that court can become a charge on them. Without special legislation, such claims as are by law chargeable on the fines and forfeitures, are not in any event

. [Palmer v. Fitts.]

payable out of the general funds of the county. In the filing and registration of the claims payable out of the fines and forfeitures, it is not necessary that they should be allowed by the court of county commissioners. It is only claims for which that court is bound to provide means of payment, and which are chargeable on the general treasury of the county, that must be presented to, and allowed by the commissioners' court, before the county treasurers can pay them. The notice was not, therefore, demurrable, because it did not aver these claims had been audited and allowed by the commissioners' court.

3. The notice would possibly be subject to some of the grounds of demurrer specified, if the payment of the claims depended only on the general law. But the general assembly, by a special act, required the county treasurers to pay the claims of the appellee out of any moneys in the treasury not otherwise appropriated, if they had been filed with the treasurers. Pamph. Acts, 1871-2, p. 397. The notice alleges that the claims had been filed with the treasurer, and that payment of them had been demanded, and that when such demand was made, there were funds in the treasury, not otherwise appropriated, sufficient for their payment. Every fact on which the appellee's right of payment depends, and every fact necessary to put the treasurer in default, is averred.

It is urged, however, that the special statute is without the legislative power, and is void. We cannot concur in this view. A county has some of the characteristics of a municipal corporation; but it is rather a political organization, to which the State entrusts, for the public welfare, defined functions and powers.. Whatever moneys it has the capacity of raising, for the payment of county claims, are held in its political, not its corporate capacity. These funds are raised by authority of the legislature; and the purposes to which they are devoted, are of legislative determination. No right of the citizen is invaded, because the legislature may, after these funds are raised, appropriate them to claims not chargeable on them when they were collected. The law creating the fund, and directing its appropriation, is subject to repeal, alteration, or amendment, at the will of the legislature. The legislature had full power to enact the statute. It was simply an appropriation of public moneys, over which they have absolute control, except as qualified by express constitutional provision. The act is valid, and under the facts stated in the pleadings, entitled the plaintiff to a recovery. Dillon on Mun. Cor. §§ 34–6; *Police Comm'rs* v. *St. Louis*, 34 Mo. 546.

There is no error in the record, and the judgment is affirmed.