[The State of Alabama, ex rel. Mobile County, v. Stone, Treasurer.]

# The State of Alabama, *ex rel.* Mobile County, *v.* Stone, Treasurer.

*Petition for Mandamus by County against County Treasurer.*

1. *Fine and forfeiture fund of Mobile County; preferred claim against.* Under the provisions of the act of the General Assembly, entitled "An act to establish a Criminal Court in the county of Mobile," approved February 3d, 1846 (Pamph. Acts 1846, p. 29), money disbursed by said county in payment of the salary of the judge of said court, was a preferred claim against the fine and forfeiture fund of the county; and the priority thus given to the claim was not abrogated by subsequent legislation changing the name of the court to "The City Court of Mobile," and increasing the salary of the judge thereof.

2. *Fine and forfeiture fund; by whom controlled.*—The Commissioners Court has no control over fines and forfeitures; but the fund accruing therefrom is in the custody of the treasurer, and is subject to his continued custody until paid out by him pursuant to law.

3. *Mandamus; when it can be invoked.*—The county of Mobile having a preferred claim against its fine and forfeiture fund for moneys disbursed by it in paying the salary of the judge of the City Court of Mobile, has a clear legal right to have any balance in the hands of the treasurer belonging to that fund, not exceeding the amount so paid out by it, transferred from the account of that fund to the account of the general fund of the county; and upon the refusal of the treasurer to make the transfer, the county may compel him to do so by *mandamus*, the county having no other remedy for the enforcement of its right.

APPEAL from Mobile Circuit Court.

The name of the presiding judge is not disclosed by the record.

This was a petition by Mobile County for a writ of *mandamus* against S. Graham Stone, the treasurer thereof, to compel him to transfer from the account of the fine and forfeiture fund to that of the general fund of the county, certain moneys in his hands belonging to the fine and forfeiture fund, to reimburse the county in part for the salary of the judge of the City Court of Mobile, which the county had paid, and which, it claimed, was a preferred claim against said fund under the act establishing the court. The provisions of the act under which the preference is claimed, are sufficiently stated in the opinion. After stating these provisions and the fact that the treasurer then had in his hands a specified sum of money belonging to said fund, the petition avers, that under a resolution and order of the board of revenue and road commissioners, the county had presented its claim to the treasurer and had demanded that he pay said money into the county treasury in such manner as to

be subject to the order and control of the county, and he had refused to do so on the ground that other claims had been previously filed, numbered and registered against said fund, which were still unpaid. On the hearing of the petition, the court refused the prayer thereof; and this ruling is here assigned as error.

Wm. G. Jones, for appellant.—Mobile county is entitled to have the amount paid by it for the salary of the judge of the City Court of Mobile reimbursed to it out of the fine and forfeiture fund in preference to any other claim against that fund. Acts of 1846, p. 29; Acts of 1849-50, p. 36, and *Ib.* p. 88. The fine and forfeiture fund is a special fund held by the county treasurer, and subject exclusively to his control according to law.—*Palmer v. Fitts*, 51 Ala. 489; *Briggs v. Coleman*, 51 Ala. 561. Any individual who has a claim against said fund, on the refusal of the treasurer to pay it, has a clear, adequate and sufficient remedy at law; but the county has not. This is, therefore, a proper case for *mandamus.*—2 Bick. Dig. 240, 241, 242, 243; 63 Ala. 559; 64 Ala. 159; 61 Ala. 318.

No counsel for appellee.

SOMERVILLE, J.—The claim of the county of Mobile, sought to be enforced by the writ of *mandamus* in this case, is very plainly a *preferred claim* as against the fine and forfeiture fund in the hands of the appellee, who is treasurer of the county. This priority was secured by the act of February 3d, 1846, entitled "An act to establish a Criminal Court in the City of Mobile."—Acts 1846, pp. 29-30. Section 9 of this act provides that the salary of the judge of this court shall be paid by the county, and "for the *remuneration* of said county for the payment of the same, the *fines and forfeitures of all State cases* in Mobile county, to the full amount of said salary, shall be *paid into said treasury, in preference to any other appropriation of the same.*"

Subsequently the name of the court was changed to "The City Court of Mobile," by the act of February 12th, 1850, which operated as a change of name only, and not of legal identity, jurisdiction, powers or authority.—Acts 1850, p. 88. The salary of the judge was also increased, but was made "payable at like time and from the same sources" as before provided by law.—Acts 1850, p. 36, § 44. We find no legislation repealing the original act authorizing the county to be reimbursed out of the fine and forfeiture fund for the amount of this officer's salary, or in any manner abrogating the priority secured to this claim by the act of February 3, 1846.

[The State of Alabama, ex rel. Mobile County, v. Stone, Treasurer.]

We have no doubt that *mandamus* is the proper and only remedy of petitioner in this case. The relator shows a clear legal right, and has no other adequate remedy to enforce it, and this is the sole test of cases where the writ can properly be invoked.—*Ex parte S. & N. R. R. Co*, 65 Ala. 499; High on Extr. Rem. § 10; *Murphy v. State, ex rel.*, 59 Ala. 639.

The commissioners courts have no control over fines and forfeitures. The fund accruing from these sources is in the custody of the treasurer of the county, and is subject to his continued custody until paid out pursuant to law. And the General Assembly can by legislative enactment charge it with such priorities or preferences as their option may suggest.—*Palmer v. Fitts*, 51 Ala. 489.

A suit at law here for the money claimed by the county would clearly not lie. As the treasurer is entitled to hold and retain all moneys of the county, he would be entitled to hold this fund, and his custody of it could not be interrupted by suit, so long as he honestly held it, during the term of his office, and without any wrongful or tortious dealing with it. His duty under the statute is expressly declared to be, "to *receive and keep* the money of his county, and disburse the same according to law."—Code, 1876, § 845; *Edmondson v. DeKalb County*, 51 Ala. 103. The function of the writ of *mandamus*, as here resorted to, is not to invade or interrupt his lawful custody of the fund in question. It is, in effect, only to compel the treasurer to *transfer the proper amount from one account to another*, he still retaining his lawful possession—to transfer the amount claimed, in other words, from the special fund, accrued from fines and forfeitures, to the moneys in the general treasury of the county, which are subject to disbursements of a character entirely different. The petitioner showed a clear legal right to have this done, and the writ of *mandamus*, we think, was the appropriate remedy to compel the performance of the ministerial duty of doing it.

The Circuit Court erred in dismissing relator's petition, and its judgment is reversed, and a judgment is rendered by this court, granting the prayer of the petition, and awarding the writ of *mandamus*.