# Sessions & Leary v. Boykin.

*Application for Mandamus to County Treasurer.*

1. *Mandamus; when party entitled to.*—As a general rule, to entitle a party to a *mandamus*, there must concur a specific legal right, and the absence of any other specific and adequate legal remedy; and such other remedy must be tested by its sufficiency to place the party in the same position he occupied before the omission of duty complained of, or would have occupied had the duty been performed.

2. *Fine and forfeiture fund; duty of county treasurer, as to.*—It is the duty of the county treasurer, whenever there is a surplus of the fine and forfeiture fund, over the amount required to pay State witnesses, to pay the claims of the officers of court in criminal cases, where the convicted defendants have proved insolvent, a *nolle-prosequi* entered, the indictment withdrawn and filed, or the prosecution abated by the death of the defendant.

3. *Same; under whose control.*—The fine and forfeiture fund not arising from taxation, the court of County Commissioners has no control over it, nor can they create any claim against it. Such fund is under the control of the legislature, and they may prescribe what claims shall be paid out of it, their preferences, and the conditions of payment.

4. *Same; mandamus to treasurer.*—The statute creates, the conditions occurring, a specific right to be paid out of a specific fund, set apart for that purpose, and *mandamus* is the proper remedy to compel the county treasurer to perform his duty as to payment. An action against the treasurer, or an action on his official bond, while they might afford pecuniary compensation, could not compel the performance of this specific duty.

[Sessions & Leary v. Boykin.]

5. *Demurrer; specification of causes.*—When a demurrer is sustained, and no special causes are set out in the record, this court, acting on the presumption in favor of the primary court, will affirm, if there be any sufficient cause of demurrer; but, where special grounds are assigned, they alone will be considered.

APPEAL from Bullock Circuit Court.

Tried before the Hon. HENRY D. CLAYTON.

This was an application by Sessions & Leary, for a *mandamus* to compel Boykin, who was the treasurer of Bullock county, to pay certain claims which they held, out of the fine and forfeiture fund. The petition alleged, that they were the owners of certain lawful and valid claims against the fine and forfeiture fund, which had been duly registered in the proper book by the treasurer. The petition then sets out the names of the persons who originally owned the claims, and avers, generally, that each and all of said claims are for fees due such persons as officers of court, or in their official capacities, in criminal cases, and are properly chargeable against the fine and forfeiture fund, and are still due and unpaid. It is also alleged, that the claims of relators are entitled to be paid out of the fine and forfeiture fund, after the claims of witnesses in State cases, and that there is a sufficient amount of money in the hands of the treasurer, to pay all claims entitled to priority, and those of relators. The petition then alleges the election and qualification of the treasurer, and a demand and refusal to pay. A demurrer was filed to the petition, on these grounds: 1st, that the relators had a specific and adequate remedy at law, other than *mandamus;* 2d, the petition does not disclose that relators have a clear legal right for the relief they seek against the defendant as treasurer, and that they have not a defined adequate legal remedy other than *mandamus;* and, 3d, that the petition is too indefinite to show that relators' alleged claims on the fine and forfeiture fund of Bullock county are respectively valid, legal and subsisting claims against said fund. The court sustained the demurrer, dismissed the petition, and taxed the relators with the costs; and they assign this judgment as error.

TROY & TOMPKINS, for appellants.—The claims set out are expressly made payable out of the fine and forfeiture fund, after the payment of State witnesses.—Code of 1876, § 4461. The right of the appellants was to have a specifically named fund applied to the payment of their particular claims, and it was a mere ministerial duty, in which he had no discretion, for the treasurer to pay them. *Mandamus* is the proper remedy to compel an officer to perform such a duty.—High on Mandamus, §§ 101, 34. An action on the treasurer's bond would

not be the enforcement of this right, and could not compel the application of the fund as the law directs.—High on Mandamus, § 35; *State v. Dougherty*, 45 Mo. 294, and cases cited; *McCullough v. Mayor*, 23 Wend. 458; *Fremont v. Crippen*, 10 Cal. 211.

C. J. L. CUNNINGHAM, *contra.*

CLOPTON, J.—The general rule is, that to entitle a party to a *mandamus*, there must concur a specific legal right, and the absence of any other specific and adequate legal remedy. The adequacy of another legal remedy, so as to prevent interposition by *mandamus*, is tested by its sufficiency to place the party in the position he occupied before the omission of duty complained of, or would have occupied if the duty had been performed. The statute makes it the duty of the county treasurer, whenever there is a surplus of the funds arising from fines and forfeitures, over and above the sum required to pay the registered claims of State witnesses, to pay the fees of the officers of court arising from criminal cases, in which the defendants have been convicted, and have been proved insolvent; or, in which the State enters a *nolle-prosequi;* or the indictment has been withdrawn and filed; or the prosecution abated by the death of the defendant.—Code, § 4461. It may be conceded, that where a warrant, though drawn by the proper officer, is payable out of the general funds of the county, a *mandamus* will not lie to compel its payment; but the party will be left to his remedy on the official bond of the officer, or by action on the case. The court of County Commissioners has no control over fines and forfeitures, and can create no claim against the fund. The fund does not arise from taxation, but from fines · imposed as punishment, penalties for disobedience of the process of court, forfeitures of bail recognizances, and like sources. The fine and forfeiture fund is subject to the control of the legislature; the claims to be paid out of it, their preferences, and the conditions of payment, may be modified or changed by the General Assembly; and it is to be disbursed by the treasurer according to law. The statute creates, the conditions occurring, a specific right to be paid out of a specific fund, set apart for the purpose. An action on the case against the treasurer, or an action on his official bond, for neglect or breach of duty, affords pecuniary compensation, but does not compel performance of the specific duty. Another remedy, to defeat *mandamus*, must be adequate to enforce the right or the duty in question.—*Craig v. Dougherty*, 45 Mo. 294; *Kendall v. United States*, 12 Pet. 524; *Fremont v. Crippen*, 10 Cal. 211; *McCullough v. Mayor of Brooklyn*,

[Jordan & Sons v. Pickett.]

23 Wend. 458; High on Ex. Rem. § 817; *Mobile County v. Stone*, 69 Ala. 206.

It may be conceded, that the petition for a *mandamus* is defective, in not averring, as to several of the claims, that the persons to whom the fees are alleged to be due were officers of court, and that the verified statement, required by section 4462, was not made. These defects are not assigned as special grounds of demurrer, and can not be considered by us. When a demurrer is sustained, and special causes of demurrer are not contained in the record, we affirm, if there be any sufficient cause of demurrer, on the presumption in favor of the ruling of the primary court; but, where special grounds of demurrer are set forth, our consideration is confined to them. The purpose of the statute is to require the demurrant to assign specially the insufficiency relied on, that the opposite party may have an opportunity to amend, if amendable.—*P. & M. Mer. Ins. Co. v. Selma Sav. Bank*, 63 Ala. 585; *Sloan v. Frothingham*, 65 Ala. 593; *Humphrey v. Burleson*, 72 Ala. 1; *Cotten v. Rutledge*, 33 Ala. 110.

Reversed and remanded, for such further proceedings as the applicants may be advised.