# Brown & Street *v.* Parris.

*Application for Mandamus to County Treasurer.*

1. *Fine and forfeiture fund; revivor of barred claims by statute.* Moneys arising from fines and forfeitures in criminal cases, though deposited in the county treasury for convenient disbursement, belong to the State, and are subject to legislative control and disposition; and the constitutional provision which declares that the General Assembly "shall have no power to revive any right or remedy which may have been barred by lapse of time or statute" (Art. IV, § 56), does not apply to claims against that fund which have been barred for want of due registration, nor prevent their registration and allowance under a subsequent statute.

The appellants in this case, Brown & Street, presented their petition on the 11th April, 1891, to Hon. JOHN B. TALLY, the presiding judge of the 9th judicial circuit, which includes the county of Marshall, asking a *mandamus* against Henry Parris, the county treasurer of Marshall, requiring him to register certain claims held by the petitioners, as claims against the fine and forfeiture fund of the county. Judge Tally sustained a demurrer to the petition, and dismissed it; and this judgment or order is here assigned as error.

BROWN & STREET, *pro se,* cited *Sessions v. Boykin,* 78 Ala. 328; *Palmer v. Fitts,* 58 Ala. 489; *Stone v. State,* 69 Ala. 200.

LUSK & BELL, *contra,* cited Const. Ala., Art. IV, § 56; *Edwards v. Williamson,* 70 Ala. 145; Wade on Retroactive Laws, § 228; Buswell on Limitations, 19, § 14, note 2; 17 Wall. 596; 3 Peters, 280; 110 U. S. 633.

CLOPTON, J.—Appellants applied to the Circuit Court for a *mandamus* to compel appellee, the county treasurer, to re-register the claims set out in their petition, in accordance with "An act to authorize the county treasurer of Marshall county to re-register certain claims against the fine and forfeiture fund of said county," approved February 28, 1889. The act provides: "That the county treasurer of Marshall county is hereby authorized to re-register all claims against the fine and forfeiture fund of said county on the 12th day of February, 1885, or which have accrued since that date, and registration of such claims shall make them valid claims against

the fine and forfeiture fund, and may be used in payment of any fines and forfeitures going to said county."—Acts 1888-9, p. 1066. The claims of appellants are certificates issued in 1880 and 1882 to witnesses, for the amount of compensation to which they were entitled, who had appeared on the part of the State in criminal prosecutions, in which a *nolle prosequi* was entered, or the defendant was not convicted, or, if convicted, an execution against him for the costs had been returned "No property found."

"An act to regulate the fine and forfeiture fund of certain counties," Marshall being of the number, approved February 13, 1876, provided, that the county treasurer shall keep a registry of all claims which are payable out of the fines and forfeitures, showing date of claims, when issued or allowed, amount, on what account it accrued, and date of its registration ; "and no claim payable out of said fund shall be received or paid until the same shall have been so registered."—Acts 1878-9, p. 215. The claims in controversy were filed with, and registered by the county treasurer, shortly after the certificates were issued, in accordance with the provisions of this act; consequently, were legal claims against the fine and forfeiture fund on the 12th day of February, 1885, and entitled to be re-registered under the act of February 28th, 1889, if a valid exercise of legislative power.

Appellee contends that the act last mentioned is violative of section 56 of Article IV of the Constitution, which declares, "There can be no law of this State impairing the obligation of contracts, by destroying or impairing the remedy for their enforcement; and the General Assembly shall have no power ·to revive any right or remedy which may have been barred by lapse of time, or by any statute of this State." The contention is founded on the bar of the claims, created by "an act to regulate the fine and forfeiture fund of the county of Marshall," approved February 12th, 1885, and the act amendatory thereof, approved February 18th, 1887. The second section of the original act provides : "That all persons holding claims against the fine and forfeiture fund of said county of Marshall shall present the same to the county treasurer for registration, within three months from the passage of this act, or the same will be barred." The amendatory act extended the time for registration to twelve months.—Acts 1884-5, p. 356; Acts 1886-7, p. 832. The claims held by appellants were not presented for registration within the time required by either the original or amendatory act, and were barred when the act of February 28, 1889, was passed.

The fund designated in the statutes as "the fine and for-

[Brown & Street v. Parris.]

feiture fund," is composed of fines and forfeitures arising in criminal prosecutions, or penalties for contempt of court, and primarily belongs to the State. It is a special fund set apart and devoted by law to a special use—payment of the fees of State witnesses, and of officers of the court, accruing in criminal cases in specified contingencies.—Code 1886, §§ 4887, 4889, 4895. The court of County Commissioners has no control over the fines and forfeitures, or power to dispose of the fund, though placed in the custody of the county treasurer for convenient disbursement pursuant to law. Section 4458 of Code 1876—section 4894 of Code of 1886—which declares, "All fines go to the county in which the indictment was found or the prosecution commenced, unless otherwise expressly provided, and judgment therefor must be entered in the name of the State for the use of the particular county," does not operate to constitute the fines a county fund, or to confer on the County Commissioners any control of them. The control and disposition of the fund still resides in the General Assembly, who has power to direct what claims shall be paid out of it, the preferences and conditions of payment; which may be changed or modified at pleasure—in short, the fines and forfeitures constitute a State fund.—*Sessions v. Boykin*, 78 Ala. 328; *Palmer v. Fitts*, 51 Ala. 489.

The clause of the Constitution quoted above was ordained in view of the controversy among the courts on the question, whether, when the time limited by statute for commencing suit on a contract expires, and the right of action is barred, such right can be revived by a subsequent statute; and especially in view of the decision of this court, that the bar of the statute of limitations in such case was not a vested right, and that the legislature had power to revive the remedy, though barred. The purpose is to put at rest this mooted question, by placing the power of the legislature to pass a law impairing the obligation of contracts by destroying or impairing the remedy for their enforcement, and the power to revive a right or remedy barred by lapse of time, or by statute, under the same general prohibition, as correlative vested rights,— the one to the contract itself, the other to the release from a demand by operation of the statute of limitations, or lapse of time. The constitutional prohibition was designed to protect personal vested rights, as between persons, associations, and corporations, extending, it may be, to contracts made by municipal corporations by authority of law, and, as to their inviolability, to contracts made by the State. It has no reference to the power of the legislature over the disposition and appropriation of the State's funds and remedies. It was not

[Kellum v. Balkum.]

intended to prohibit the General Assembly to recognize and pay a claim against the State after the lapse of any period of time, or to provide for the payment of claims out of a special fund, over which it has exclusive control. The claims of appellants were not claims against the county, nor payable out of the general funds of the county. The act of February 28, 1889, does not attempt or purport to revive a right or remedy against the county. The scope and extent of its operation is, to make claims which were legal claims on a specified day, or accruing thereafter, valid claims against such fund, and receivable in payment of fines and forfeitures. If the General Assembly, in exercising the power to direct what claims shall be paid out of the fine and forfeiture fund, has authority to make claims which were never previously so chargeable, payable out of that fund, it certainly has power to make claims once legal, but which have ceased to be such because of an omission to register them, valid claims against the fund, by subsequent statute, upon complying with prescribed conditions. The last clause of the section of the Constitution under consideration was only designed to prohibit legislative infringement on the right of parties to a release from the obligation of a contract, or to property, which has become vested in them by lapse of time, or by some statute of limitations. It was not intended to prohibit or restrict the power to provide for the payment of any just claim out of a special fund. The utmost that can be said is, that the act of February 28, 1889, only revives the right to payment out of the fine and forfeiture fund, not any other right or remedy, and should not be construed as reviving a right or remedy in the meaning of the Constitution.

On the facts averred in the petition, appellants are entitled to have their claims re-registered.

Reversed and remanded.