# Sanders v. Court of County Commissioners of Elmore County.

*Application for Mandamus.*

1. *Fine and forfeiture fund; what constitutes it and from what source it is derived.*—The constituents of the fine and forfeiture fund of a county are, (1) fines, which arise from pecuniary punishments for misdemeanors, and penalties imposed for contempt by courts or judicial officers, and inflicted on non-attendant jurors in obedience to summons; and, (2), forfeitures, which are derived from adjudged breaches of recognizances of bail taken in criminal cases and of recognizances of witnesses for the State and the penalties adjudged against such witnesses for neglect to obey the mandates of subpœnas issued to and served upon them; and such fund issuing from violations of the criminal law and from the breaches of obligations and duties to the State, is distinguished from all other public funds or revenues; and the commissioners court of the respective counties has no control over such fund, but its control and disposition resides in the General Assembly.

2. *Same; constitutionality of statute to regulate fine and forfeiture fund of Elmore county.*—The act approved February 18, 1895, (Acts of 1894-95, p. 731), entitled "An act to regulate the fine and forfeiture fund of Elmore county, and to better provide for the payment of claims against the same," is violative of section 2, Article IV, of the Constitution, in that it requires the court of county commissioners of Elmore county to appropriate out of the general fund of said county a certain sum to the fine and forfeiture fund of said county; the title to the act not admitting of the conclusion that there was contemplated an appropriation from the general fund to the fine and forfeiture fund, over which the court of county commissioners has no control.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. N. D. DENSON.

The facts of the case are sufficiently stated in the opinion.

FRANK W. LULL, ROBERT S. TEAGUE, MASSEY WILSON and W. L. MARTIN, for appellant, cited *Irwin v. Mayor*, 57 Ala. 6 ; *Harrison v. Gordy*, 57 Ala. 49 ; *Williams v. State*, 61 Ala. 33 ; *Davis v. State*, 68 Ala. 58 ; *Chambers County v. Lee County*, 55 Ala. 534 ; *Marengo County v. Coleman*, 55 Ala. 605 ; *Askew v. Hale County*, 54 Ala. 639 ; *City Council v. Nat. B. & L. Asso.*, 108 Ala. 336 ; *Sadler v. Langham*, 34 Ala. 311 ; *Jones v. Black*, 48 Ala. 540 ; *Mayor v. Dargan*, 45 Ala. 310 ; *Mayor v. Stonewall Ins. Co.*, 53 Ala. 570 ; *Quartlebaum v. State*, 79 Ala. 1 ; *Noble v. Mitchell*, 100 Ala. 519.

J. M. FITZPATRICK, *contra*, cited *Brown v. Parris*, 93 Ala. 314 ; *Harold v. Herrington*, 95 Ala. 395 ; *Ballentyne v. Wickersham*, 75 Ala. 533.

COLEMAN, J.—J. M. Sanders being the owner and holder of a valid registered claim against the fine and forfeiture fund of Elmore county, applied to the treasury of the said county for payment. The treasurer refused payment upon the ground that there were no funds subject to the payment of claims against the fine and forfeiture fund. He then applied to the court of county commissioners to make an appropriation from the general fund of the county to the fine and forfeiture fund in accordance with the act of the legislature adopted and approved February 18, 1895 (Acts, 1894–95, p. 731).

[Sanders v. Court of County Commissioners of Elmore County.]

The court of county commissioners refused to make said appropriation, upon the ground that said act was unconstitutional and void. Thereupon he filed his petition before the circuit court judge of said judicial circuit, and prayed that a writ of *mandamus* be awarded to compel said commissioners' court to make said appropriation provided by said act. The court sustained a demurrer to the petition, which challenged the constitutionality of the act. From this judgment the appeal is prosecuted in this court.

The constitutionality is questioned upon several grounds; the principal one being that it violates section 2, article IV, which declares that "Each law shall contain but one subject, which shall be clearly expressed in its title, except," etc. The act under consideration is entitled "An act to regulate the fine and forfeiture fund of Elmore county, and to better provide for the payment of claims against the same."

By the first section of the statute it is enacted that "The commissioners court of Elmore county be and they are hereby authorized and required at their first regular meeting after the passage of this act, to appropriate out of the general fund of said county of Elmore the sum of six hundred dollars for the first year, and annually thereafter four hundred dollars," etc. The foregoing section of the constitution has been construed often by this court, and its general meaning is well understood. Difficulties in the application of the construction continue to arise. The case of *Ballentyne v. Wickersham*, 75 Ala. 533, is recognized as the leading case in this State, and the construction there given the constitutional provision has exerted a controlling influence upon all subsequent decisions arising under said section. The authorities are extensively cited in the Code of 1896, p. 71.

The constitutional provision requires that the title shall contain but one subject. The title of an "Act to regulate the fine and forfeiture fund of Elmore county" is broad, and of itself would be sufficiently comprehensive to embrace provision regulating priority of payments of claims against it, the collection of claims due the fund, and how and what payments should be made, and whatsoever properly pertained to the fine and forfeiture fund of the county. The further provision of the title to the act, "and to better provide for the payment

35

of claims against the same," must be regarded as a mere sub-title, and included in the general term, "To regulate the fine and forfeiture fund of Elmore county." .Eliminating from the title the words "to better provide for the payment of claims against the same," the title would be "An act to regulate the fine and forfeiture fund· of Elmore county."

In ascertaining the extent and scope of this title, it becomes necessary to determine what constitutes the fine and forfeiture fund of a county. In the case of *Brown & Street v. Parris*, 93 Ala. 314, it was said : "The fund designated in the statutes as the 'fine and forfeiture fund,' is composed of fines and forfeitures arising from criminal prosecutions, or penalties for contempt of court, and primarily belongs to the State. It is a special fund set apart and devoted by law to a special use—payment of the fees of State witnesses, and of officers of the court, accruing in criminal cases in specified contingencies. Code, 1886, §§ 4887, 4889, 4895. The court of county commissioners has no control over the fines and forfeitures, or power to dispose of the fund, though placed in the custody of the county treasurer for convenient disbursement pursuant to law. Section 4458 of Code of 1876—section 4894 of Code of 1886—which declares, 'All fines go to the county in which the indictment was found or the prosecution commenced, unless otherwise expressly provided, and judgment therefor must be entered in the name of the State for the use of the particular county,' does not operate to constitute the fines a county fund, or to confer on the county commissioners any control of them. The control and disposition of the fund still resides in the General Assembly, who has power to direct what claims shall be paid out of it, the preferences and conditions of payment which may be changed or modified at pleasure—in short, the fines and forfeitures constitute a State fund.—*Sessions· v. Boykin*, 78 Ala: 328 ; *Palmer v. Fitts*, 51 Ala. 489."

The recent case of *Jackson County v. Derrick*, ante p. 348, which qualifies the foregoing opinion in so far as it holds that the fine and forfeiture fund is a "State fund," in no way militates against the rule that under present legislation it constitutes a separate fund, totally distinct from the general fund, and one over which the commissioners court has no control.

No reasonable construction of the title of an act to regulate the fine and forfeiture fund would admit of the conclusion that such a title contemplated an appropriation of the general funds of a county, raised by taxation of property and licenses, and entrusted by law to the control of the court of county commissioners, for county purposes. We would not be understood as intimating that the legislature is without authority to make such claims a charge upon the general fund of the county, but we do hold, in view of existing statutes, that such a charge can not be made under the title of "An act to regulate the fine and forfeiture fund." Such a construction would be a palpable violation of the Constitution.

We know nothing of the causes which led to the adoption of the act under consideration, but it is a fact that in many instances claims to large amounts against the fine and forfeiture fund have been purchased at mere nominal prices, and the holders subsequently, by special legislation of the character under consideration, have realized the full face value of their claims—a special benefit, and not one for the public generally.

The judgment of the circuit court is free from error. Affirmed.