## JOHN MILLER v. STATE.

No. A-3263.   Opinion Filed March 15, 1920.

(187 Pac. 1098.)

(Syllabus.)

**HUSBAND AND WIFE—Abandonment of Wife and Child—Conviction —Abatement of Prosecution—Property Settlement in Subsequent Divorce Case.** Plea in abatement overruled. For reasons holding same not well taken, see body of opinion.

*Appeal from County Court, Noble County;*
*A. Duff Tillery, Judge.*

John L. Miller was convicted of the unlawful abandonment of his wife and child, and he appeals. Plea in abatement overruled.

*Cress & St. Clair,* for plaintiff in error.

The Attorney General, for the State

MATSON, J.   This is an appeal from the county court of Noble county, wherein the plaintiff in error was convicted of violating section 1, c. 149, Session Laws of Oklahoma 1915, which provides:

"That every person who shall without good cause abandon his wife and neglect and refuse to maintain and provide for her, and who shall abandon his or her minor child or children under the age of twelve years, in desti-

tute or necessitous circumstances, and willfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail, or at hard labor on the public roads of the county not less than one month nor more than twelve months, or by both such fine and imprisonment; and should a fine be imposed it may be directed by the court to be paid, in whole or in part, to the wife, or to the guardian or custodian of the minor child or children, provided that before the trial (with the consent of the defendant), or after conviction, instead of imposing the punishment hereinbefore provided, or in addition thereto, the court in its discretion having regard to the circumstances and financial ability of the defendant, shall have the power to pass an order, which shall be subject to change by it from time to time as the circumstances may require, directing the defendant to pay a certain sum weekly for one year to the wife, guardian or custodian of the minor child or children, and to release the defendant from the custody, on probation, for the space of one year upon his or her entering into a recognizance, with or without surety, in such sums as the court may direct. The conditions of the recognizance shall be such that if the defendant shall make his or her personal appearance in court whenever ordered to do so within a year, and shall further comply with the terms of the order, then the recognizance shall be void, otherwise in full force, and effect. If the court be satisfied by information and due proof, under oath, that at any time during the year the defendant has violated the terms of such order, it may forthwith proceed with the trial of the defendant under the original indictment, or sentence him or her under the original conviction, as the case may be. In a case of forfeiture of a recognizance and enforcement thereof by execution the sum recovered may, in the discretion of the court, be

paid in whole or in part to the wife, guardian or custodian of the minor child or children."

After a trial in said court, the jury returned a verdict of guilty, and assessed his punishment at a fine of $500. The trial court, in rendering judgment, ordered that the $500 fine, when paid by the plaintiff in error, be immediately paid to Mrs. Farrie Miller, wife of the plaintiff in error, for the use and benefit of her and her two minor children under the age of 12 years, and the trial court made a further order that the plaintiff in error pay to his said wife a weekly sum of $12.50 for a period of one year from the date of judgment for the support of his said wife and said minor children, and required that plaintiff in error enter into a recognizance with two or more good and sufficient sureties, conditioned that the said plaintiff in error make his personal appearance in court whenever ordered to do so within one year, and further to comply with the terms of the judgment and order.

The plaintiff in error prayed and took an appeal from said judgment rendered against him in the county court of Noble county, and such appeal was lodged in this court on the 22d day of February, 1918. On the 4th day of August, 1919, the plaintiff in error, through his attorneys, filed the following motion for this court to abate and dismiss this cause with prejudice:

"In the Criminal Court of Appeals of the State of Oklahoma.
"John L. Miller, plaintiff in error, v. State of Oklahoma,
Defendant in Error.
No. A-3263.
"Plea in Abatement.

"Comes now John L. Miller, plaintiff in error, and for plea in abatement in the above-styled cause gives the court

to know and be informed that since the trial of the above-styled cause in the lower court Farrie Miller, the wife of the plaintiff in error, filed her petition for divorce in the district court of Kay county, state of Oklahoma, to which petition the defendant duly answered, and issues were duly joined and a trial had on the 8th day of July, 1919, and all differences for the support of the minor children, support of said Farrie Miller, suit money, attorney's fees, and costs were mutually settled by the parties, and paid in full, and by a judgment of the district court of Kay county said settlement so made between the two parties was duly confirmed and all costs were settled, as claimed. The said court finding that said settlement was fair, just, and equitable; a certified copy of the journal entry of judgment in said case being hereto attached and made a part of this plea, the same as if herein in full set out, and said Farrie Miller was granted a divorce from the said John L. Miller in said proceedings.

"Said plaintiff in error further alleges that said district court of Kay county had jurisdiction of the parties before it, and jurisdiction of the subject-matter, and the right and power to settle all rights and controversies, and that said court has by its judgment settled and satisfied all claims of the said Farrie Miller and the said minor children that are or might be involved in the case pending on appeal before this court, which said case was brought in Noble county, state of Oklahoma, and that for said reasons this case so pending in the Criminal Court of Appeals should be dismissed with prejudice.

"Wherefore said plaintiff in error prays that this court make an appropriate order dismissing said proceedings and case with prejudice, and for such other and further relief as may be just and equitable."

"In the District Court of Kay County, State of Oklahoma.

"Farrie Miller, Plaintiff v. John L. Miller, Defendant.

"Journal Entry.

"And now on this 8th day of July, A. D. 1919, the above cause came on to be heard, and the plaintiff appears in person and by her attorneys, Johnston & Robinson, and the defendant, John L. Miller, appearing by his attorneys, Cress & St. Clair. Thereupon the plaintiff introduces her evidence and rests.

"The plaintiff and defendant exhibit to the court a property settlement and agreement, showing that they had mutually settled all property rights, all questions of alimony, suit money, and support of children, which stipulation was signed by the plaintiff and defendant personally, and reads as follows, to wit (omitting caption) :

" 'Comes now plaintiff and defendant and in full settlement of all alimony, suit money, attorney fees, costs, and support of the minor children of plaintiff and defendant, the said defendant pays unto the attorney for plaintiff the sum of one thousand ($1,000.00) dollars, receipt of which is hereby acknowledged.

" 'It is further stipulated and agreed that the custody of the minor children of plaintiff and defendant, Wilson J. and Rosena Grace, be, and hereby are, given to the plaintiff, and the defendant is to have the privilege of visiting said children at reasonable times and occasions, and said children are to have the privilege of visiting him at reasonable times and occasions when they grow older. And each of the parties and their immediate relatives shall treat the other with due consideration and courtesy and refrain from in any manner interferring or molesting the other.

" '(Signed) FARRIE MILLER,

" 'JOHN L. MILLER.'

"The court, being fully advised in the premises, finds that the allegations of the plaintiff's petition are true, and that the plaintiff is entitled to a divorce from the defendant, and that the bonds of matrimony existing between the plaintiff and defendant should be dissolved.

"The court further finds that the settlement is fair, just, and reasonable, and should be in all things confirmed.

"It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff and defendant be, and they hereby are, each granted an absolute divorce from the other.

"It is further ordered, adjudged, and decreed that the stipulation of settlement of the property rights be, and the same is hereby, in all things confirmed.

"It is further ordered, adjudged, and decreed that the defendant, John L. Miller has made full and complete settlement of all claims of the plaintiff against him for suit money, costs, attorney's fees, and support of minor children, Wilson J. and Rosena Grace Miller, and that a full and complete settlement was had between the parties in said case of all claims of one against the other, and that each of said parties is divested of any interest in the property of the other, or that may be acquired by the other hereafter.

"It is further ordered, adjudged, and decreed that the custody of the minor children of plaintiff and defendant, Wilson J. and Rosena Grace, be and the same are hereby given to the plaintiff, and the defendant is to have the privilege of visiting said children at reasonable times and occasions, and said children are to have the privilege of visiting him at reasonable times and occasions, as they grow older.

"It is further ordered, adjudged, and decreed that each of the parties and their immediate relatives shall treat the other with due consideration and courtesy and refrain from in any manner interfering or molesting the other.

"It is further ordered that this decree shall not become final until six months from this date.

"J. W. BIRD, Judge."

The foregoing journal entry of judgment is properly certified by the court clerk of Kay county.

The substance of the foregoing plea in abatement and request that this court dismiss with prejudice this prosecution against the plaintiff in error is that in a subsequent action for divorce instituted by the wife of the plaintiff in error against him a judgment and decree was entered settling between the parties all property rights and full provision made for the support of the wife and minor children, for the benefit of whom the fine was imposed in this case.

The plea in abatement is not well taken. The judgment rendered in the action for divorce between the plaintiff in error and his wife did not have the legal effect to satisfy and thereby abate a judgment previously rendered against him in a criminal prosecution for willfully abandoning his said wife and child, from which an appeal had been taken by plaintiff in error. The judgment appealed from in this case is in the nature of a punishment·for acts alleged to have been committed by the plaintiff in error prior to the institution of the divorce action, and defined to be criminal under chapter 149, Session Laws 1915, *supra.* An appeal having been taken from said judgment and properly lodged in this court, the jurisdiction of this court became full and complete to determine the validity of the judgment rendered in said cause, and the judgment so rendered could not be attacked or set aside even by a decree of the trial court itself, until the plaintiff in error had dismissed his appeal and the cause had been remanded to the trial court, much less in a subsequent civil proceeding where the issues involved and rights of the parties were entirely different.

To hold the judgment rendered in the divorce proceeding which is pleaded by plaintiff in error, to be sufficient to avoid the penalty imposed and to abate the judgment rendered in this case, would completely destroy the sovereign power of the state to punish its criminals. This court is without power to grant the relief prayed for on the grounds stated.

The plea in abatement is overruled.

D'OYLE, P. J., and ARMSTRONG, J., concur.