## JOHN L. MILLER v. STATE.

No. A-3263—Opinion Filed Aug. 21, 1920.

Rehearing Denied Jan. 15, 1921.

(194 Pac. 249.)

(Syllabus.)

**STATUTES—Validity—Separable Provisions—Wife Abandonment.** The provisions of section 1, chapter 149, Session Laws 1915, defining the offense of abandonment of wife and children, and

authorizing the punishment of fine, or imprisonment, or both, are complete and perfect provisions of law, separable from the other provisions of the act, authorizing the court, in its discretion, to pass an additional order, subject to change from time to time, directing the defendant to pay a certain sum weekly for one year to the wife, guardian, or custodian of the minor child or children, and to enter into a recognizance for his personal appearance whenever ordered to do so within a year, and further to comply with said order, and the provisions relative to fine and imprisonment are enforceable, independent of the provisions relative to the additional order, are perfect in themselves. and are constitutional and valid, and may be sustained, even if it be conceded that the other portions of the act are invalid.

*Appeal from County Court, Noble County;*

*A. Duff Tillery, Judge.*

John L. Miller was convicted of wife abandonment, and appeals. Affirmed.

*Cress & St. Clair,* for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. This is an appeal from the county court of Noble county, wherein the defendant, John L. Miller, was convicted of the offense of abandoning without good cause his wife and minor children under 12 years. of age, and after trial by jury, and verdict of guilty fixing the punishment at a fine of $500, the trial court in rendering judgment ordered that the fine when paid be turned to Mrs. Farrie Miller, wife of defendant, for the use and benefit of her and her children under 12 years of age, and the court, after conviction, made a further order that the defendant pay the sum of $12.50 weekly for the period of one year from the date of the judgment for the support of his wife and children, and re-

quired defendant to enter into a recognizance, with two or more sureties, conditioned that he make his personal appearance in court whenever ordered to do so within one year and further to comply with said order.

The defendant took an appeal from said judgment rendered against him, and such appeal was lodged in this court on the 22d day of February, 1918. A motion to abate the action and dismiss the cause with prejudice was overruled March 15, 1920. See 17 Okla. Cr. 284, 187 Pac. 1098.

Counsel for defendant contend that there is error in the proceedings in the trial court in several particulars, and also claim that the provisions of the statute (section 1, chapter 149, Laws 1915) permitting the trial court to make an additional order for the support of the wife and children for the period of one year after the date of the judgment is unconstitutional and void, in that it "deprives the defendant of property without due process of law." No argument or authority is cited by counsel for appellant in support of this assignment. It is merely asserted that such provision clearly contravenes the Constitution.

The court is of the opinion, however, that, whatever may be said relative to the provisions of the act in question concerning the power of the court to make this additional order, the other provisions of the act are complete within themselves, are clearly enforceable, and are not unconstitutional. Even if it be conceded that part of this act is invalid, if the valid provisions are separable and perfect in themselves, the act may be sustained and the invalid portions fail. *Ex parte Anderson,* 33 Okla. 216, 124 Pac. 980.

Furthermore, we are of the opinion that the question of the validity of the additional order for the support and maintenance of the wife and children is not involved in this appeal. Such order is subject to change from time to time by the trial court, is not final, and is not subject to review in this proceeding. If the defendant desired to test the validity of such order, proper action should have been taken in the trial court to that effect, independent of an appeal from the judgment convicting him of the offense of abandonment and imposing a fine of $500 as punishment therefor.

The conclusion is reached that the provisions of the statute defining the offense of abandonment of wife and children, and authorizing the punishment of fine, or imprisonment, or both, contained in section 1, chapter 149, Session Laws 1915, are complete and perfect provisions of law separable from the other provisions of the act, and enforceable independent of such provisions, and that the same are constitutional and valid.

Careful consideration has been given to each of the other errors assigned, and we are of the opinion that such alleged errors are either without merit or are such as resulted in no prejudice to the substantial rights of the defendant.

For reasons stated, the judgment of the county court of Noble county, imposing a fine of $500 against the defendant in accordance with the verdict of the jury. is affirmed. The question of the validity of the supplemental order, not being involved, is not passed upon.