CHARLES F. POSTELWAIT v. STATE.

No. A-4509. Opinion Filed Sept 20, 1924.

(228 Pac. 789.)

(Syllabus.)

1. **Fines—Legislative Power to Provide that Fine in Abandonment Case be for Benefit of Wife or Children.** In the absence of any constitutional restriction, the Legislature may provide for such disposition of fines in criminal cases as it may deem advisable, and may in an abandonment case provide that the fine shall be for the use and benefit of the abandoned wife or children.

2. **Statutes—Valid Portion Upheld, Where.** A statute may, for constitutional or other reasons, be in part valid and in part invalid; and, if the invalid portion can be eliminated without destroying or impairing the valid portion, the portion that is valid will be upheld and the invalid portion be disregarded.

3. **Constitutional Law—Constitutionality of Act, Who May Impeach.** The constitutionality of an act cannot be impeached by one whose rights have not been invaded by the operation of the statute attacked.

4. **Fines—Sole Right of State to Interfere in Illegal Diversion of Fund.** A fine, when paid, becomes "public funds," and only the state would have a right to interfere to prevent the fine from being diverted illegally.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

Charles F. Postelwait was convicted of wife abandonment, and he appeals. Affirmed.

D. B. Madden and Walter Hubbell, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J.  Two children, Charles Postelwait, a boy 17 years of age, and Vera Coursey, a girl 15 years old, eloped and were secretly married. For several months they lived together in domestic harmony with the parents of the husband. After this they left the parental roof and moved to an unoccupied farm belonging to the husband's father. In the course of a few days discord arose between the defendant and his wife, growing out of the discovery that the wife was pregnant. The wife went to her mother, who immediately, in company with the father, took her back to her husband. The husband then refused to continue the marital relation and refused to receive his wife, and has ever since failed to contribute to her support.

A suit for divorce and alimony was instituted by the wife, in which it appears that the attempt to procure alimony or maintenance money was futile. Then it was that the wife, as prosecuting witness, instituted this prosecution for abandonment, resulting in a conviction, with the punishment fixed by a jury at a fine of $500. The court, in pronouncing judgment on the verdict, ordered that the $500 fine be paid to the wife.

The statute under the provisions of which this prosecution was brought (section 1856, Compiled Oklahoma Statutes 1921) is as follows:

"That every person who shall without good cause abandon his wife and neglect and refuse to maintain and provide for her, and who shall abandon his or her minor child or children under the age of twelve years, in destitute or necessitous circumstances, and willfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail, or at hard labor on the public roads of the county not less than one month nor more than twelve months, or by both such fine and imprisonment; and should a fine be imposed it may be directed by the court to be paid, in whole or in part, to the wife, or to the guardian or custodian of the minor child or children, provided that before the trial (with the consent of the defendant), or after conviction, instead of imposing the punishment hereinbefore provided, or in addition thereto, the court in its discretion having regard to the circumstances and financial ability of the defendant, shall have the power to pass an order, which shall be subject to change by it from time to time as the circumstances may require, directing the defendant to pay a certain sum weekly for one year to the wife, guardian or custodian of the minor child or children, and to release the defendant from the custody, on probation, for the space of one year upon his or her entering into a recognizance with or without surety, in such sums as the court may direct. The conditions of the recognizance shall be such that if the defendant shall make his or her personal appearance in court whenever ordered to do so within a year, and shall further comply with the terms of the order, then the recognizance shall be void, otherwise in full force and effect. If the court be satisfied by information and due proof, under oath, that at any time during the year the defendant has violated the terms of such order, it may forthwith proceed with the trial

of the defendant under the original indictment, or sentence him or her under the original conviction, as the case may be. In a case of forfeiture of a recognizance and enforcement thereof by execution the sum recovered may, in the discretion of the court, be paid in whole or in part to the wife, guardian or custodian of the minor child or children.''

This statute, enacted here in 1915, seems to have been borrowed from the statutes of Texas. The Court of Criminal Appeals of Texas in 1909 (by a divided opinion) declared the Texas statute void, as being in conflict with the Texas Constitution, forbidding the appropriation of state funds for the use of private individuals; also because it gave the court an option of substituting other punishment in lieu of the punishment assessed by the jury, thus in that emergency denying the right of trial by jury; and further because it empowered a court to suspend the operation of a criminal statute. Ex parte Smythe, 56 Tex. Cr. R. 375, 120 S. W. 200, 23 L. R. A. (N. S.) 854, 133 Am. St. Rep. 976, and Texas cases following.

Ordinarily a statute adopted from one state by another is interpreted and given the same force and effect in the state of its adoption as it had by judicial construction in the state of its origin, at the time of its adoption. But here we find that some of the provisions of the Texas Constitution pointed out in the Smythe Case and Texas cases following are not found in the Oklahoma Constitution. The Oklahoma Constitution contains no prohibition against the use of public money for individual, private use, except the provision that no public funds shall be devoted to any sect, church or system of religion, or for the use of any priest, preacher, or religious teacher, or dignitary as such. In the absence of a Constitutional restriction, the Legislature may by statute make such disposition of fines as it may deem advisable. Miller v. State, 18 Okla. Cr. 218, 194 Pac. 249;

Miller v. State, 17 Okla. Cr. 284, 187 Pac. 1098; Palmer v. Fitts, 51 Ala. 489; People v. Heise, 257 Ill. 443, 100 N. E. 1000 (where fine assessed was to be paid to an abandoned wife); State v. Sayre, 90 Ohio St. 215, 107 N. E. 512; Howth v. Greer, 40 Tex. Civ. App. 552, 90 S. W. 211; 25 Corpus Juris, 1167.

The state may make provisions to prevent members of society from becoming charges on the state, from the proceeds of fines collected. Note, Ann. Cas. 1912B, p. 280. It would appear, therefore, that in this state the Legislature has the authority to provide, in a penal statute such as this, that the fine may, in the discretion of the court, be ordered paid to the injured person.

It is also well settled that a statute may, for constitutional or other reasons, be in part valid and in part invalid; and, if the invalid portion can be eliminated without destroying or impairing the valid portion, the portion that is valid will be upheld and the invalid portion disregarded. Applying this rule to this statute, the act, reading from the beginning to the first proviso, constitutes a complete, valid penal statute. That part of the act providing that the court may make orders subject to change, imposing obligations on the defendant after trial, for the support and maintenance of the person abandoned, is in conflict with the provisions of the Constitution guaranteeing the right to a trial by jury. This invalid portion of the act is a futile attempt to create a civil liability in a criminal case, in the nature of an obligation to pay alimony or money for support and maintenance, usually enforced by a suit in equity.

However, the constitutionality of an act cannot be impeached by one whose rights have not been invaded by the operation of the statute attacked. 12 Corpus Juris, 761, and cases cited. Here no attempt was made to enforce or create

any obligation against the defendant arising under the invalid proviso. The evidence shows that the defendant was guilty of abandonment. The jury fixed his punishment at a fine of $500, and the court, pursuant to the provisions of the valid portion of the statute, directed that the amount of the fine be paid to the injured spouse. And if it could be held that the order authorizing this disposition of the fine was not valid, we doubt whether the defendant could take advantage of it. The fine, when paid, becomes public funds, and only the state would have the right to interfere to prevent the fine from being diverted illegally.

The objections to, and the findings made concerning, the constitutionality of this act, though interesting, are of minor importance, for the reason that the Legislature has substituted a new abandonment statute (chapter 78, Session Laws 1923), superseding the one here construed.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.