162 So. 135

MITCHELL, Judge, v. GORHAM, Court Clerk.

6 Div. 856.

Court of Appeals of Alabama.
June 11, 1935.

Hubert E. Mitchell, of Cullman, for appellant.

St. John & St. John, of Cullman, for appellee.

SAMFORD, Judge.

By an act of the Legislature approved September 25, 1915 (Loc. Acts 1915, p. 487), and act amendatory thereof approved August 11, 1919 (Loc. Acts 1919, p. 55), the fine and forfeiture fund of Cullman county was abolished and merged into the general fund of the county, since which time claims theretofore charged against the fine and forfeiture fund have been presented and paid out of the general fund of the county as is provided by the above acts of the Legislature.

After following the act for nearly twenty years, the point is now made that the act above is void in that it violates section 45 of the Constitution of 1901, which, among other things, provides that: "Each law shall contain but one subject, which shall be clearly expressed in its title, except," etc. This law has for its title: "To regulate the fine and forfeiture fund of Cullman county, and provide for the registration and payment of claims against said fund." The act then, after certain preliminary provisions relative to outstanding claims against said fund, proceeds by section 7 of said act to abolish and merge the fine and forfeiture fund into the general fund of the county and by subsequent sections to provide for the payment of all fines and forfeitures into the general fund and for the payment of legitimate claims as claims against the county.

■ In the first place, legislative and executive construction of constitutional provisions adopted and acted on with the acquiescence of the people for many years is entitled to great weight with the courts and where not manifestly erroneous it will not be disturbed, it being said that: "The injustice that would inevitably result by the disturbing of such construction after a long period of acquiescence therein, during which many rights will necessarily have been acquired, is a very strong argument against it." 12 C. J. 715 (67) (3). It is also said on good authority that, long acquiescence in a law, the alleged unconstitutionality of which is based upon a purely technical objection, is entitled to much greater consideration than where the objection goes to the substance of legislation. Continental Imp. Co. v. Phelps, 47 Mich. 299, 11 N. W. 167. However, the construction of the Constitution and the law is and remains the peculiar province of the courts and to them belong the final decision on all these questions. Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60.

■ The construction of the above acts have long been acquiesced in by the executive and legislative officials and the people of Cullman county and many settlements and transactions affecting public and private rights have been made thereunder, and the objection now made is purely technical; therefore the courts will not look with favor upon a construction of the statute which would result in so much apparent injustice to those who have been governed by its terms for all these years. While we are not absolutely bound by the acquiescence of the county authorities and the people of the county in passing upon this act, before we would strike it down as being in violation of the Constitution it must clearly appear that the act is void.

■ It is conceded that the Legislature was within its constitutional limitations in dealing with every subject embraced in the act of 1915 and the act amendatory thereof. It is conceded that the title to the act is sufficient, but it is claimed and insisted that the merger of the fine and forfeiture fund with the general fund of the county and the payment of claims theretofore paid out of that fund is not cognate to or related to the title. As a matter of fact both the general fund and the fine and forfeiture fund belonged to the county. Jackson County v. Derrick, 117 Ala. 348, 23 So. 193. So that, a claim against the fine and forfeiture fund is and was a claim against the county, limited as to its payment from a special fund created for that purpose, and this law simply merges the two funds and does away with the distinction. We think that in view of all the facts and circumstances in this case, the merger of the fine and forfeiture fund into the general fund of the county and the fixing of the charges theretofore existing against said fund as a charge against the county is but a rearrangement of the county's fiscal policy, is cognate to the title to the act, and is valid as against the demurrer. The case of Sanders v. Court, etc., of Elmore County, 117 Ala. 543, 23 So. 788, presents a different question. There the act undertook to preserve the fine and forfeiture fund as a separate and distinct fund and to appropriate money from the general fund to supply a deficit. In the instant case the two funds are merged and claims theretofore paid out of a certain fund for certain services rendered are made claims against the county just as other claims. The whole enactment revolves around one subject relating to fines and forfeitures and payment of legitimate claims arising against the county and related to that fund. We do not think that the foregoing is contrary to the holding in the Sanders Case, supra.

The judgment is affirmed.

Affirmed.