# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT THE AUGUST TERM THEREOF, HELD AT CHARLES–
TOWN, IN THE COUNTY OF JEFFERSON, COMMENC-
ING ON THE FIFTH DAY OF AUGUST, 1874,
AND ENDING ON THE EIGHTEENTH
DAY OF AUGUST, 1874.

8   159
34  797

---

# CHARLESTOWN.

## COCKERELL *v.* NICHOLS.

### August 15, 1874.

1. Upon a motion to quash a writ of *fieri facias*, or to enter satisfaction thereof, in whole or part, on the ground that a previous writ of *fieri facias* had issued and was placed in the hands of the sheriff of the proper county, and that the debtor had paid to the sheriff upon the first execution the whole, or a part thereof; and it not appearing that any return had ever been made on the first execution, of the levy of the same upon the property of the debtor, although the return day thereof had long since passed; and it appearing that the debtor had made payments to the sheriff, upon said execution, sometime after the return day had passed, it is competent for the plaintiff, in said motion, to prove by parol or other competent evidence, that the first execution was levied upon his property, by the sheriff, before the return day thereof had passed.

2. In such case if it does not appear from the evidence that the execution was levied by the sheriff before the return day thereof had passed, a payment made to the sheriff upon such execution, after such return day had passed, is not binding upon the creditor, unless it appears that such payment was made to the sheriff by the direction or consent of the debtor.

3. In such case, in the absence of evidence adduced at the hearing, showing such levy of the first execution, or from which such levy may reasonably and properly be inferred, the court is not authorized to presume that such levy was made before the return day of the execution had passed.

This was an appeal by Nichols, the sole defendant below, from a judgment of the circuit court of Jefferson county, in a proceeding therein, wherein John G. Cockerell was sole plaintiff. The opinion of this Court contains a sufficient statement of the case.

The Hon. Joseph A. Chapline, then judge of said circuit court, presided at the trial below.

*A. E. Kennedy* for the appellant.

*Andrew Hunter* for the appellee.

HAYMOND, PRESIDENT:

This is a case of a notice given by the plaintiff to the defendant to quash a writ of *fieri facias*, issued out of the clerk's office of the circuit court of Jefferson county, in favor of the defendant, against the plaintiff, on the 16th day of February, 1870, for the sum of $264, with legal interest thereon from the 16th day of September, 1858, and $6.71 costs, as to the sum of $262.50, on the ground of the alleged payment of said sum of $262.50 on the 13th day of November, 1862, to J. W. Campbell, late sheriff of said county, upon an execution for the same debt.

On the 26th day of November, 1860, it appears that a writ of *fieri facias* was sued out of the clerk's office of the county court of said county, upon a judgment rendered by the said county court for the sum of $264, with interest from the 16th day of September, 1858, and $6.71 costs, in favor of the defendant against the plaintiff, and that on the 27th day of the same month the writ was received by J. W. Campbell, sheriff. The writ is directed to the sheriff of said county. This endorsement appears on the writ, to-wit:

"Came to hand November 17th, 1860, at 3 o'clock, P. M.

J. W. CAMPBELL, *Sheriff.*"

It was proved at the hearing of the notice before the circuit court of said county that the said endorsement was in the hand writing of James W. Campbell, and tha said Campbell, to whom the execution was delivered, as the sheriff of Jefferson county, during the whole of the year 1860; and it was admitted by the parties to the cause that the term of office of Campbell, as sheriff, as aforesaid, expired on the 1st day of January, 1861.

It appears from the face of said writ of *fieri facias*, as it is copied and certified in the bill of exceptions in the record that it was made returnable to the said county court on the 3d Monday in January, 1861.

The plaintiff also gave in evidence another writ of *fieri facias*, issued upon the same judgment, out of the clerk's office of the circuit court of said county, on the 16th day of February, 1870, directed to the sheriff of Jefferson county and returnable on the 1st Monday of July, 1870; and also gave in evidence a receipt admitted by the defendant to be genuine, in these words, viz:

"Received November, 13, 1862, of Mr. John G. Cockerell two hundred and sixty-two dollars and fifty cents, on account of an execution in my hands in favor of Joseph Nichols.

J. W. CAMPBELL,
(*Late Sheriff of Jefferson County.*)"

It was also admitted by the parties that the said Campbell was engaged in the military service of the Confederate States at the commencement of late Rebellion in 1861, and remained in the said military service until the year 1865; and that he died in the year 1867.

And this was all the evidence given on the hearing of the notice and motion to quash the writ mentioned in the notice.

1874.
August Term.

Cockerell
v.
Nichols.

Upon this evidence the circuit court, on the 23d day of April, 1870, adjudged that the writ of *fieri facias*, in the notice mentioned, be quashed as to the said sum of $262.50, which the court adjudged to be a credit on the last named writ.

To this opinion and judgment of the circuit court the defendant excepted, and his exception was signed, sealed and made a part of the record.

It does not appear that the sheriff ever made any return upon the execution first issued; nor does it appear that the sheriff levied the same upon property of the plaintiff *before* the return day thereof, or that the plaintiff had property on which it might, or could, have been levied before the return day.

On the Constitution of this State, of 1863, going into effect, "county courts" ceased to exist within the State, and executions might lawfully issue out of the clerk's office of the circuit court of the proper county upon judgment rendered by the county courts prior to the organization of the State, which remained unsatisfied, and were not barred.

The second execution issued in this case was issued within proper time. See twenty-first section of chapter one hundred and eighty-seven of the Code of Virginia, of 1860.

The fifteenth section of same chapter provides that "upon a writ of *fieri facias*, the officer shall return whether the money therein mentioned is or cannot be made; or if there be only part thereof which is, or cannot be, made, he shall return the amount of such part. With every execution under which money is recovered, he shall return a statement of the amount received, including his fees and other charges, and such amount, except said fees and charges, he shall pay to the person entitled."

The thirteenth section of the same chapter requires the officer to endorse on the writ the year, month, day and time of day, he received the same.

The eleventh section of the same chapter provides that

"by a writ of *fieri facias*, the officer shall be commanded to make the money therein mentioned out of the goods and chattels of the person against whom the judgment is. The writ may be levied as well on the current money and bank notes, as on the goods and chattels of such person, and as against purchasers for valuable consideration, without notice, and creditors, shall bind what it may be levied or only from the time that the writ is delivered to the officer to be executed."

"If the inchoate lien, which the creditor has by the delivery of the writ to the sheriff, be not made available by a levy of the execution upon some particular goods, there will be nothing to prevent an alienation of the debtor, of his goods to a stranger to the execution, for valuable consideration. Such alienation, if made after delivery of the execution to the officer will be bad, provided the execution be levied on the goods before the return day thereof. But if the execution be returned without being levied, the inchoate lien which once existed, not having been consummated in a proper manner, is to be considered as at an end, and the alienation good." Rob. Old Prac. vol. 1, 511.

Parol evidence is admissible to prove that a *fieri facias* was levied though no return was made upon it. *Bullitt's Exors. v. Winstons,* 1 Munf. 269. It is well settled that the officer cannot levy a writ of *fieri facias* on the property of the debtor after the return day thereof. But if the officer levies the execution upon the property of the debtor before the return day he may, generally, sell the property by virtue of the levy after that day, and may also, generally, receive, in such case, payment of the debt, in whole or in part, after such return day and before the sale of the property levied on in relief of the property levied on. And where the execution is not levied before it expires, which is on the return day thereof, a payment to the officer, on the execution, in whole or in part, after the return day thereof is passed,

1874.
August Term.

Cockerell
v.
Nichols.

is not binding on the creditor. *Chapman v. Harrison*, 4 Rand. 336. From this case, and other authorities and the general practice, it seems to be well settled that where the debtor pays to the officer the amount of an execution after the return day thereof, and it does not appear that the execution was levied before the return day passed, and there is no return made upon the execution by the officer, the creditor may disregard such payment and cause another execution to be issued upon his judgment for the amount thereof; and such execution will not be quashed by reason of such payment to the officer. In such case the debtor pays to the officer at his peril. As before stated, there is no evidence in this case showing, or tending to show, that the first execution was levied before the return day thereof passed; and the receipt of Campbell which is the only evidence of payment appearing by the record is dated nearly two years after the execution issued and went into his hands and about twenty-two months after the return day of the execution had passed. There are no facts proven in the cause to authorize the court to infer or presume that the execution was levied upon the property of the debtor. It is true that the writ commands the officer to cause the debt and costs therein mentioned to be made and have the same ready to render on the return day; but the debtor may not have had property on which it could have been levied before the return day passed and in such case it is not contemplated by the law that he can enforce payment of the execution. To determine that the payment made to Campbell in this case is binding upon the defendant is but in effect to presume,

*First.* That when the execution was placed in the hands of the sheriff, or before the return day thereof the plaintiff had property on which the execution might or could have been levied.

*Second.* That the sheriff did levy the execution upon such property, or part thereof, before the return day passed.

I am not aware of any principle or authority upon which a court is authorized to make such presumption in a case like this. Indeed it is evident to my mind that it would be dangerous to establish such a precedent.

The counsel for the defendant admits that to sustain the judgment of the circuit court it is necessary to presume that the execution had been properly levied; and he cited us to Broom's Leg. Max. 944; Jacob L. Dict. title "Presumptions." *Jackson v. Shaffer,* 11 Johns. (N. Y.) 517 ; *Cross v. Brown,* 41 N. Hamp. 283, and *Gilmore v. Holt,* 4 Pick. (Mass.) 258. I have carefully examined these authorities and can find nothing in them to authorize the court, in a case like this, to make the presumption. In this case if the execution had been levied, although there was no return upon it of the levy, it was competent for the plaintiff to prove, by his own oath, or other parol or sufficient evidence, the fact of such levy ; and it was his duty to do so to make the payment binding on the defendant. And in the absence of such evidence it was error in the circuit court to adjudge that the execution, in the notice mentioned, be credited with the amount mentioned in the said receipt of Campbell.

I have not considered the effect of Campbell engaging in the military service of the Confederate States early in the year of 1861, and continuing therein until the year 1865 ; because, under the view I have taken of the case, it is immaterial and unnecessary so to do. '

For the reasons above stated, the judgment of the circuit court of the said county of Jefferson rendered in this cause on the 23rd day of April, 1870, must be reversed and the appellant recover against the appellee his costs in this court expended :

And this Court proceeding to give such judgment as the court below should have given, it is considered that the plaintiff's said notice and motion to quash the said writ of *fieri facias,* in said notice mentioned, be dismiss-

1874.
August Term.

Cockerell
v.
Nichols.

ed, and that the defendant recover against the plaintiff his costs in and about the defence of said notice and motion, expended.

Hoffman and Paull, Judges, concurred.

Absent, Moore, Judge.

JUDGMENT REVERSED, AND, BY THIS COURT, MOTION DENIED AND NOTICE DISMISSED.