Smith *vs.* Hightower.

1. A constable having levied upon property which was claimed by a third person, and having returned the claim papers to the proper court, and gone out of office before the claim was tried, upon being ruled by the plaintiff more than three years afterwards, the claim papers being then lost, testified in support of his answer to the rule, the same being traversed, that he knew the bond was signed, and that the bonds were all right. His evidence, supported as it is by the general presumption of law to the effect that public officers do their duty, is not overcome by the testimony of the plaintiff's attorney that the claim was dismissed owing to some defect in the bond, and that his best recollection is that the bond was not signed. In this state of the evidence, a verdict against the officer's answer was not authorized.

·2. An officer accepting a claim interposed to property under levy, and releasing the property, is not relieved from liability to the plaintiff by taking a forthcoming bond only; he must also take a damage bond. But the weight of the evidence is, that both bonds were taken in the present case.

April 23, 1888.

Officers. Constables. Bonds. Presumptions. Evidence. Verdict. Before Judge MARSHALL J. CLARKE. Fulton superior court. October term, 1887.

Reported in the decision.

R. J. JORDAN, for plaintiff in error.

KING & SPALDING, *contra*.

BLECKLEY, Chief Justice.

Smith was a constable, and in February, 1882, levied a *fi fa.* from a justice's court upon certain personalty. In October, 1885, the plaintiff in *fi fa.* ruled him in the superior court; the theory of the rule being that he had seized property and failed to sell it and realize the money. His defence was that the property was claimed by a third person, and that he returned the claim to the justice's court and went out of office. The reply was that he had not taken a legal claim bond; and upon traverse of his answer, the question of fact to be decided was, whether he had taken a claim bond properly signed up. The evidence for the plaintiff was that of her attorney, James A. Gray, Esq., who testified as follows: "I was counsel for the plaintiff in the suit out of which this rule grew. After the levy on the defendant's property, a claim was filed, and the claim case was afterwards dismissed, owing to some defect in the bond. My best recollection is, that the bond had not been signed. I know the claim case was dismissed."

Smith testified: "I know the bond was signed, but cannot say who the bondsman was. I know the bonds were

all right. I took a claim bond and forthcoming bond, and turned all the papers in the matter over to Judge Rhea, and had no further connection with the case, and soon went out of office. I know the bond was all right, because I was in the habit of taking good bonds; tookthem every day. And Mr. Hightower (who was the plaintiff's husband) impressed on me the necessity of taking good bond."

We think, in view of the presumption of law in favor of officers doing their duty, this evidence of the constable, going directly to his own knowledge of the fact that he took the bond and that it was signed, is more than sufficient to meet the evidence on the part of the plaintiff coming from her attorney, that his best recollection is that the bond was not signed. We think the answer of the officer was not overcome by this evidence, and that the jury found their verdict contrary to the evidence, and for that reason we reverse the judgment of the court refusing to grant a new trial.

2. One of the grounds of the motion for a new trial is, that although there may not have been a damage bond taken in the claim case, yet as there was a forthcoming bond taken, that would relieve the officer. We think it would not; that in order to comply with the law, he had to take proper bonds; but the weight of the evidence is that he did take such bonds. It is in evidence that the papers were lost, but there is no fault imputable to this officer for the loss of them. They were lost after they were returned to the proper court. He seems to have done all that the law exacted of him as official duty in connection with this claim. And it will be observed that the plaintiff below waited more than three years before bringing this rule. It is very singular that the claim against the officer was not followed up while it could be proved positively whether the bond was signed or not. If there was a defect in the bond which would make the officer liable, it ought to have been noticed and remembered, so that it could be proved on the trial of this rule.

Judgment reversed.