# JUNE TERM 1889.

## WHEELING.

### LYON *v.* HORNER.

*(GREEN, JUDGE, absent.)

Submitted June 20, 1889.—Decided June 24, 1889.

1. SHERIFFS—NOTICE OF MOTION.
    A notice to a sheriff under sec. 35, c. 41, Code 1887, may be in

*On account of illness.

the name of the plaintiff in the motion and need not be in the name of the state for the use of such plaintiff.

2. SHERIFF—SUSPENDING BOND—SURETIES.

A sheriff levies a writ of *fieri facias* upon property. A claimant of the property gives a suspending bond. The sheriff returns the writ and said bond to the clerk's office and leaves the property in the possession of the debtor without security, and it is consumed by him. It is subsequently decided, that the property was liable for the writ. Upon a motion by the creditor against the sheriff and his sureties, they will be held liable to the creditor for the value of said property.

*J. J. Davis* and *J. P. Clifford* for plaintiffs in error.

*J. Bassel* for defendant in error.

SNYDER, PRESIDENT:

In February, 1884, a writ of *fieri facias* was issued from the clerk's office of the Circuit Court of Harrison county upon a judgment in favor of James M. Lyon, executor, etc., against Franklin C. Stewart, W. J. Kester and Dexter Lowther, the two latter being the sureties of Stewart, returnable to April rules, 1884. The said writ came into the hands of T. M. Horner, deputy for James D. Horner, who was then the sheriff of said county. The said deputy-sheriff on February 15, 1884, levied the said writ upon certain personal property of Franklin C. Stewart, the principal debtor, among which were thirteen stacks of hay, which were claimed by Joanna M. Stewart. An indemnifying bond was required by the deputy-sheriff and given, and thereupon the said Joanna M. Stewart gave a suspending bond. The return on the writ shows these facts, and also that the officer returned the indemnifying and suspending bonds aforesaid to the said clerk's office with a writ of *fieri facias*. The right of property to said thirteen stacks of hay was tried according to the statute, (sec. 5, c. 107, Code,) and a judgment rendered on June 1, 1885, that said hay was not the property of the claimant, Joanna M. Stewart, but that it was liable under said writ of *fieri facias*.

No further action was taken by the sheriff to execute said writ, and on January 15, 1887, James M. Lyon, executor *etc.*, the plaintiff in said *fieri facias*, gave notice in writing to James D. Horner as sheriff and to Thomas M. Horner and

others, his sureties as such sheriff, in which after setting forth the issuance and return upon the said writ above mentioned he stated, that he would on January 26, 1887, move the Circuit Court of Harrison county to render judgment in his favor against said sheriff and his sureties for the sum of $195.00, the value of said thirteen hay-stacks. The defendants appeared to said notice and moved the court to quash the same, which motion the court overruled; and on May 24, 1887, by consent of the parties the court in lieu of a jury tried the case and rendered judgment in favor of the plaintiff against the defendants, James D. and Thomas M. Horner, for $130.00 and his costs, and the said defendants thereupon obtained this writ of error.

During the trial the defendants saved a bill of exceptions, in which all the facts proved are certified, from which in addition to the facts hereinbefore stated it appears, that the plaintiff among other matters proved, that the said *fieri facias* had not been satisfied, that no forthcoming bond had been taken, and that said thirteen stacks of hay had been left by the sheriff in the possession of the debtor, Franklin C. Stewart, who had used and consumed the same prior to June 1, 1885, the time the right of property therein was determined; and that said hay, if it had not been so consumed, would have been worth on the said 1st day of June, 1885, $10.00 per stack, aggregating $130.00.

The first error assigned by the plaintiffs in error is, that the court improperly overruled their motion to quash the notice. In support of this assignment it is claimed, that the notice should have been in the name of the State for the use of the plaintiff, because it is provided in chapter 10 of the Code, that on all bonds payable to the State "suits may be prosecuted in the name of the State," *etc.* It is true, that this proceeding is in effect a suit on the sheriff's official bond, which is payable to the State, but the statute is merely permissive, and not mandatory. This proceeding is taken under section 35, c. 41, Code 1887, which declares, that the court may on the motion of the person entitled to recover give judgment *etc.* The form of the notice is not given, but the universal practice, so far as I know or can discover, both in this State and Virginia, ever since said statute was en-

acted, has been for the notice to be in the name of the plaintiff in the *fieri facias.* *Chapman* v. *Chevis,* 9 Leigh, 297; *Stone* v. *Wilson,* 10 Gratt. 529; *Bank* v. *Horner,* 26 W. Va. 442.

No other objection is pointed out to the notice, and, according to the decisions of this Court, it seems to me to be sufficient, and that there was consequently no error in overruling the motion to quash it. *Bank* v. *Horner, supra; Board, etc.* v. *Parsons,* 22 W. Va. 308.

It is further contended for the plaintiffs in error, that the trial court erred in rendering judgment against them on the facts proved. It is insisted, that the *fieri facias* was properly returned, when the suspending bond was given, and that, as the plaintiff failed to have a *venditioni exponas* issued as soon as the right to subject the hay to his debt was determined, the sheriff had no power or authority to sell it, and that consequently there was no default on the part of the sheriff in not making the sale. This position, it seems to me, involves an assumption, that is not law. It is well settled, that, if a writ of *fieri facias* has been levied by the officer upon the property of the debtor before the return-day, he may sell the property so levied upon by virtue of said writ after the return-day thereof. *Cockerell* v. *Nichols,* 8 W. Va. 159. It is also well settled, that, where an officer makes a levy, the property levied upon is legally in his custody and at his risk. Unless he takes a forthcoming bond, he must keep the property in his possession, until it is sold or the debt satisfied. If he leaves it in the possession of the debtor, and it is thereby lost or consumed, he will be liable for its value. The giving of a suspending bond does not affect the liability of the officer for the property. Such bond merely suspends the sale and leaves the property in the custody of the officer. After the levy is made, it is the duty of the officer, not of the plaintiff, to see, that the property levied upon is legally kept and sold. Therefore, if the officer returns the writ, by virtue of which he made the levy, it is his duty to take out a *venditioni exponas* to sell the property. But a *venditioni* in the case at bar, if issued after the right to the property had been determined, would have availed nothing, because long before that time according to the proof the prop-

erty had been consumed by the debtor. The default was wholly on the part of the sheriff. Instead of keeping the property safely, he left it in the possession of the debtor without any security. He left it there at his risk, and, it having been lost to the creditor, the officer is liable.

This case, it seems to me, is too plain to justify any further discussion. The judgment of the circuit court is affirmed.

AFFIRMED.