## CHARLESTON.

### KUNST, Ex'R, v. FINDLEY *et al.*

Submitted September 11, 1912.    Decided November 4, 1913.

1. EXECUTION—*Forthcoming Bond—Enforcement—Notice.*

   A notice of a motion for execution on a forthcoming bond, which does not show the value of the property taken under the execution and released under the bond, is insufficient and should be quashed on motion. (p. 153).

2. SAME—*Forthcoming Bond—Validity.*

   Such defective notice is amendable, since it answers the purpose of a pleading, but, if the bond is produced in the proceeding and discloses omission of any recital therein of the value of the property, the bond itself and the proceeding thereon are incurably defective and cannot be saved by an amendment. (p. 153).

3. SAME—*Forthcoming Bond—Notice—Amendment.*

   If such bond is good as a common law obligation, the cause of action arising upon it is wholly different from that involved in a proceeding upon a valid forthcoming bond, and an amendment of the notice so as to authorize procedure thereon would introduce a new cause of action. (p. 155).

(ROBINSON, JUDGE, absent.)

Error to Circuit Court, Taylor County.

Action by J. T. Kunst, executor, against Irven Findley and others. Judgment for plaintiff, and defendants bring error.

*Reversed and Remanded.*

*J. H. S. Barlow,* for plaintiffs in error.

POFFENBARGER, PRESIDENT:

On this writ of error to a judgment on a forthcoming bond, errors are assigned respecting the sufficiency of the notice,

service thereof, validity of the bond, a plea of *non est factum* and the evidence.

The proceeding was by motion and, after the notice had been served and docketed, there was a motion to quash the notice and the return of service thereof. As first made on the 27th day of October, 1908, the motion challenged only the sufficiency of the notice. On a renewal thereof, on the 9th day of February, 1909, it also attacked the return of service as to Irven Findley, one of the defendants. On said date, The United States Fidelity & Guaranty Company, the other defendant, the surety in the bond, appeared and service as to it was not questioned. The alleged defect in the return as to service on Irven Findley was that it did not show James W. Findley, to whom the notice was delivered, was a member of the family of the defendant Irven Findley. The service was made by the sheriff of Taylor County, and his return distinctly states James W. Findley was a member of the family of Irven Findley. The fact was sufficiently established by the return, and it is uncontradicted.

The notice recites the date, the penalty, condition, obligee and obligors of the bond, the substance of the execution upon which it was taken, giving the amount thereof including the fee for taking the bond and the officer's commission and breach of the condition, and declares the purpose of the obligee to move the circuit court of the county, on the first day of its next regular term, to award execution on the bond for principal, interest and costs. But omission of the value of the property taken under the execution and left in the hands of the principal in the bond vitiates it. The motion foreshadowed by the notice was a statutory one, calling for execution on the bond, which must be for the value of the property as shown by the recital thereof in the bond, not the penalty thereof nor the debt called for by the execution. Code ch. 142, secs. 1, 2, 3 and 4. The amount for which the execution shall issue on such a bond, made a judgment by the statute, may be less than the penalty or the debt. Calling in general terms for execution on the bond for the principal, interest and costs, the notice demands something the statute fails to give, and omits what it does give. In other words, the notice omits one of the facts essential to the right claimed.

On the facts stated in it, the statutory right asserted cannot stand. Thus viewed, it is insufficient. If the plaintiff has such a right as he claims, the notice does not disclose it. This is not the ordinary proceeding for judgment on notice and motion, but a statutory one for execution on what the statute makes in legal effect a judgment without trial. If not successfully impeached, the bond is a judgment in law, foreclosing the question of liability and fixing the amount thereof. *Skipwith* v. *Assurance Society*, 10 Leigh. 502. The motion contemplated in such case is not one for judgment on an ordinary bond or other contract in writing, and the notice thereof must show the statutory right it claims, for the statute confers the alleged right as well as the summary proceeding; and, as that right is not designated at all, the liberal rule applicable to motions under the general statute cannot be invoked here.

The same omission makes the bond itself insufficient to sustain this proceeding. It sets forth in detail the property taken under the execution and released by the bond, but without any specification of the value of any of it.

Its sufficiency was challenged by a motion to quash it, an objection to its introduction as evidence and a motion to exclude the evidence after its introduction, the bond being the only evidence introduced. Although given, not by the debtor, but by a claimant of the property levied upon, it was tendered as a forthcoming bond and has many of the features thereof. After having given a suspending bond prescribed by section 4 of chapter 107, the claimant of property levied upon under a writ of fieri facias or a distress warrant, may give a forthcoming bond. Code ch. 107, sec. 7.

The recital of the value of the property required by the statute, the basis of the judgment and execution on the bond, was omitted. Without this, it would be void as a judgment after forfeiture for uncertainty. The statute does not contemplate judgment or execution for the penalty or the amount of the execution, but only for the value of the property, provided it does not exceed the amount collectible on the execution. This defect would absolve a creditor from the duty to resort to the bond and allow him to proceed against the sheriff. In other words, it does not afford protection to

the sheriff as a statutory bond does, because it does not give the creditor the security and remedy the law requires the sheriff to take for him on releasing the property. On the statutory bond, the issues the obligors can raise, pertaining to its execution and validity, are few and simple, and the amount of the recovery is unalterably fixed by the recital of value. If the instrument has not the elements of a statutory bond, though good as a common law bond, the issues may be entirely different and the amount of the recovery determined in a different, less speedy and certain and more expensive manner. The sheriff and debtor or claimant cannot force upon the creditor such a bond in lieu of the one the statute contemplates. Hence it is perfectly clear this bond, lacking an important and valuable feature of the one contemplated by law, is not a good statutory bond.

If the bond were sufficient, the notice could no doubt be amended. *Loan & Trust Co.* v. *Fields,* 67 S. E. 342; *Wilson* v. *Pyles,* 1 Strob. (S. C.) 357; *Wiebanks* v. *Willis,* 2 Rich. L. R. (S. C.) 108; *Walker* v. *Turnipseed,* 8 Ala. 679; *Jennison* v. *Bank,* 23 Ala. 168; *Palmer* v. *Fitts,* 51 Ala. 489. But, assuming the bond to be good as a common law obligation, an amendment would wholly change the cause of action. It would no longer be a proceeding under the statute for vindication of a statutory right. Though upon the same instrument, the proceeding would involve an entirely different cause of action. As the bond was given for the benefit of the creditor he could waive irregularities in it no doubt, but his waiver of the omission here noted, could not supply it. He cannot write into the paper the value of the property, without which it is not a statutory bond. By his election to sue on it as a common law obligation he cannot effect that result. The infirmity of the paper utterly precludes achievement of the purpose manifested by the notice. Any proceeding he may be able to maintain on the bond will have for its purpose the accomplishment of a wholly different result. That it would be founded upon the instrument upon which this one is based is immaterial. Several causes of action may spring out of the same paper or transaction. *Hudson* v. *Land & Mining Co.,* 76 S. E. 797; *Pomeroy Bank* v. *Huntington Bank,* not yet reported.

The notice being incurably bad, in view of the infirmity of the bond, the judgment will be reversed, the verdict set aside and the proceeding dismissed with costs in this Court, as well as in the trial court, to the plaintiffs in error.

*Reversed and Remanded.*