# CHARLESTON

## WALKER v. GAMBLE *et al.*

Submitted September 4, 1914.    Decided September 15, 1914.

JUDGMENT—*Set-Off of Judgments—Forthcoming Bond.*

     A forthcoming bond taken on an execution and thereafter forfeited, having under the statute the force of a judgment, may, in a proceeding to obtain execution thereon, be the subject of set off by a judgment which has been rendered in favor of the principal obligor in the forthcoming bond against the obligee therein.

     Error to Circuit Court, Hardy County.

     Proceeding to obtain execution on a forthcoming bond by Frank Walker against H. L. Gamble and others. Judgment for plaintiff, and defendants bring error.

*Reversed and Remanded.*

   *W. H. Gamble,* for plaintiffs in error.

ROBINSON, JUDGE:

     Upon a motion for the award of an execution on a forthcoming bond the principal obligor in the bond sought to set off against it two judgments in his favor against the obligee in the bond. These judgments had been rendered subsequently to the rendition of the judgment out of which arose the forthcoming bond. The court would not entertain the claim of set off. Should it have been entertained? That question alone is presented by the record.

     In 6 Enc. Dig. Va. & W. Va. Rep. 439, it is broadly stated that a forthcoming bond taken on an execution is not the subject of set off, and *Allen* v. *Hart,* 18 Grat. 722, is cited for the proposition. No doubt the proposition is true as to ordinary claims offered in set off against such forthcoming bond. The decision referred to, however, does not necessarily determine that it is so. The decision merely determines that a forthcoming bond taken on a distress for rent is the subject of set off. However, in principle it would seem that a forthcoming bond taken on execution, which by the statute has the force of a judgment, can no more be set off by ordinary claims than any

other judgment. But the case before us involves a wholly different principle.

The proceeding under review was simply one to enforce a judgment. The plaintiff in the motion by statutory process sought the enforcement of a judgment against the defendant in the motion. The forfeited forthcoming bond was, virtually, a judgment which the law had given the plaintiff against the defendant. The former asked that he have execution on it. The latter asked to off set it by judgments which the law had given him against the plaintiff. Could this not be done? There was certainly nothing in the form of the proceedings forbidding it. In other words, may not a judgment be off set by a judgment? In reason it should be so, and in this instance we find the law conforming to reason, as it invariably should. The decisions in point are numerous. The generally accepted doctrine of the subject is thus stated by a leading author: "The satisfaction of a judgment may be wholly or partly produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor; or in other words, by setting off one judgment against another. This is usually brought about by a motion in behalf of the party who desires to have his judgment credited upon or set off against a judgment against him. The court in a proper case will grant the motion. Its power to do this cannot be traced to any particular statute, and exists only in virtue of its general equitable authority over its officers and suitors. This authority was formerly restricted to courts of equity, but is now very generally exercised by courts of law. The judgments sought to be set off against each other may have been rendered in the same or in different courts. In the first case there can be no difficulty; but in the latter it has been sometimes held that a court of law was inadequate to afford relief, and that resort to chancery was therefore unavoidable. This position is believed to be untenable. The court of law in which the judgment is entered can give relief, by virtue of its equitable power, and may direct that the judgment of another court be credited *upon* or *set off* against *its* judgment, except when the rights of the parties are too intricate and complicated to be adjusted else-

where than in equity. The exception is, however, but a recognition of the general principle, every where conceded, that the setting off of one judgment against another rests in the sound discretion of the court, and will not be compelled except when by so doing the court can accomplish substantial justice between the parties. It is well settled, both in England and in this country, that judgments in cross-actions may be set off, the one against the other, when the parties in interest are the same, on motion addressed to the court in which one or both of the actions is pending. If the amounts are equal, both will be satisfied. If the amounts are unequal, the smaller will be satisfied in full, and the larger to the extent of the smaller, and an execution will be issued for the balance. The party seeking the benefit of a set-off should make his motion therefore in the court in which the judgment against him was recovered.'' 2 Freeman on Judgments, sec. 467a.

In this proceeding the person claiming the set off was the principal in the forfeited forthcoming bond. The fact that execution was sought against both the principal and surety in the bond would not make unavailing a claim of set off by the principal alone, in view of the spirit of our statutory law of set off. The proceeding may well be considered a suit, within the contemplation of Code 1913, ch. 126, sec. 4. Indeed a proceeding for execution on a forfeited forthcoming bond is in fact, by the terms of the statute authorizing the same, Code 1913, ch. 142, sec. 4, a suit for judgment on the forfeited bond—a suit for a judgment on a judgment in order to obtain the execution which the preceding section giving the forfeited bond the force of a judgment does not allow. But, notwithstanding all this, we conceive that the inherent powers of the court for the proper setting off of one judgment against another are broad enough equitably to allow the set off to the principal even though a surety is bound with him. *Pierce* v. *Bent,* 69 Me. 381.

No reason appears for the rejection in this proceeding of the defendant's claim of set off. The court erred in not entertaining the defendant's so-called plea, in substance the defendant's counter motion. The judgment will be reversed and the case remanded with direction to entertain the motion

of the defendant for an allowance of his judgments against the judgment sought to be enforced against him by the plaintiff.

*Reversed and Remanded.*