# CHARLESTON.

BENJAMIN F. SAYRE v. JOHN H. KUNST, EXEC. ETC.

Submitted February 11, 1919.    Decided February 25, 1919.

1. EXECUTION—*Claim—Bond—Suspension of Sale—Possession.*

If, where a sheriff, fully indemnified, levies an execution upon and advertises for sale property apparently owned by the judgment debtor, another claims to be the owner thereof and desires an adjudication of such claim, he must give the bond required by section 4, ch. 107, Code, to suspend the sale until his title is adjusted in the manner provided by sections 5 and 6; and if he desires possession of the property to remain where it was immediately before the levy, pending the determination of his claim, he must also give the bond required by section 7 to have the property forthcoming on the day and at the place to be appointed for the sale, should his claim thereto be adjudged invalid.    (p. 461).

2. SHERIFFS AND CONSTABLES—*Claim—Possession—Liability for Loss to Execution Creditor.*

If, when protected only by the delivery bond of the claimant of property levied on and advertised for sale under an execution for the debt of another, and such bond, though good as a common law obligation, is invalid as a statutory forthcoming bond, and the execution creditor has given a bond of indemnity against such claim, the levying officer permits the possession of the property to remain where it was immediately before the levy, and it is not produced for sale at the time and place appointed, he must respond in damages to the execution creditor to the extent of the loss thereby sustained by him.    (p. 461).

3. SAME—*Liability of Sheriff—Excuse—Estoppel.*

The approval of the bond by the obligees, the execution creditors, before its acceptance by the sheriff, does not operate to excuse the default of the latter or to estop or defeat recovery by the obligees.    (p. 462).

4. EXECUTION—*Forthcoming Bond—Liability of Obligors.*

The obligors in such a bond, having failed to produce the property at the time and place appointed, or in lieu thereof to pay the judgment upon which the execution issued, are liable to the obligees therein for breach of its obligation.    (p. 462).

5. SUBROGATION—*Forthcoming Bond—Sheriff's Subrogation to Right of Execution Creditor.*

And in such case the officer is entitled to be subrogated to the

right of the execution creditors to an action on such delivery bond.  (p. 462).

6.  EXECUTION—*Sheriffs    and    Constables—Forthcoming    Bond—Breach—Liability.*

Though the execution creditors have a valid cause of action against either the sheriff or the obligees in the bond, as ˜between the two the latter are the parties ultimately liable; and where the execution creditors have elected to proceed against the former, it is proper for him to invoke the broad power of a court of equity to make the latter parties defendant, and, if found liable, to shift the burden of the liability upon them, thus making it possible to adjudicate in one suit conflicting claims, which, if permitted to proceed at law, will˙ require two actions for final settlement.  (p. 460).

7.  EQUITY—*Jurisdiction—Remedy  at  Law.*

To deny equity jurisdiction because of a remedy at law, the legal remedy must be adequate to the demands of the particular case, and as full, complete and efficacious as that given in equity, and must not leave open for future litigation matters really and substantially involved.  (p. 460).

Appeal from Circuit Court, Taylor County.

Suit for injunction by Benjamin F. Sayre against John H. Kunst, executor, etc.  Decree for plaintiff, and defendant appeals.                              *Reversed and remanded.*

*John L. Hechmer,* for appellant.
*Warder & Robinson,* for appellee.

LYNCH, JUDGE:

The decree complained of by defendants below, appellants here, made perpetual a preliminary injunction theretofore awarded enjoining the further prosecution of two actions at law instituted by them, one against Benjamin F. Sayre, sheriff of Taylor County for the four-year term beginning January 1, 1901, the other against him and the sureties on his official bond, both apparently being for the same cause of action.

In the year 1891, John H. Kunst, executor of G. H. A. Kunst, together with Adolphus Armstrong, then living, sued in their names for the use of John H. Kunst, administrator of Sara Kunst, and recovered against the defendant, James W.

Findley, a judgment of nearly $1,100, including interest and costs. They caused an execution to be issued on the judgment in 1904, and placed the writ in the hands of Sayre for levy upon the property of the judgment debtor. This he did or attempted to do upon the supposition that the property levied on was subject to sale under the writ, the itemized aggregate valuation being $2,279. Immediately upon being informed of the levy, Irvin Findley, a son of the judgment debtor, denied the ownership of his father, who apparently remained silent in respect thereof, and claimed title in himself; and Sayre, when advised of the claim, demanded an indemnifying bond of Kunst and his coplaintiff, the judgment creditors, and they furnished the requisite indemnity. Thereupon the claimant and the United States Fidelity and Guaranty Company, surety, entered into and delivered to Sayre a bond binding them to pay the obligees therein, the judgment creditors, an amount double the estimated value of the property, or have it forthcoming for sale at the time and place appointed by the sheriff for that purpose, namely, at the court house of Taylor County, October 3, 1904. Before accepting the bond, Sayre alleges he submitted it to the obligees for their inspection and approval or rejection, and also to his legal advisor, and that they approved it before its acceptance by him; whereupon, and with their knowledge and acquiescence, he permitted the property to remain in the possession and control of the claimant on the premises where it was when found and levied on, whether the proprietor and owner of the premises was the father or the son, their residence being the same. .

The judgment and no part of it was paid by James W. Findley or the obligors named in the instrument purporting to be a statutory forthcoming bond, nor was the property or any part of it produced by them or any of them at the time and place mentioned, or a bond given to suspend the sale as authorized by chapter 107 of the Code. Nor did the claimant or any other person for him apply to the circuit court of the county or the judge thereof in vacation for the order or orders specified in sections 5 and 6 of that chapter, the only orderly and proper procedure provided for where the credi-

tor has given the officer a bond of indemnity. The property not being forthcoming, but theretofore dissipated and then unavailable in satisfaction of the execution lien, the judgment creditors brought the actions the prosecution of which Sayre asked the court to enjoin, and which the decree complained of did enjoin.

The first movement initiated by the judgment creditors after this situation arose, and before the actions were brought, was a notice of a motion, and a motion granted for the award of execution upon the instrument executed by Irvin Findley and the United States Fidelity and Guaranty Company, treating it as a statutory forthcoming bond. To the judgment awarding execution the obligors obtained a writ of error from this court, assigning as grounds therefor rulings upon the sufficiency of the notice and service thereof, a *non est factum* plea, the evidence, and the adjudging the bond to be valid as a statutory forthcoming bond. What is now important to note, the decision reported in 73 W. Va. 152, adjudged the bond to be irregular and insufficient to warrant the award of execution thereon as the statute permits to be done in case of a bond for the forthcoming of property levied on to satisfy a debt or judgment, and, if good at all, to be good only as a common law bond.

Then followed the two actions at law, the declaration in the one against Sayre as the sole defendant only appearing in the record. It contains three counts all of which are alike except in certain particulars, and so far as necessary set forth the facts heretofore detailed. They differ in this that the first count, after reciting the execution and delivery of the indemnifying bond, charges the neglect and failure of Sayre to take from Irvin Findley a proper forthcoming bond and in suffering him to retain possession of the property levied on without their consent and against their will contrary to his duty in that regard; the second, a wrongful intent on the part of Sayre to deprive them of the benefit of the levy and of the money then due on the judgment, and that he without their license or authority suffered and permitted Irvin Findley to retain possession of the property at his risk until the day of sale upon giving bond to have it forthcoming at the

time and place appointed therefor; and the third, the surrender of the goods and chattels levied on into the possession of Irvin Findley without payment of the judgment and without a sale of the property, and not afterwards resuming possession thereof, whereby the benefit of the lien and the payment of the judgment out of the proceeds thereof when sold was wholly lost to plaintiffs.

There is no question raised as to the character, effect or sufficiency of the Findley bond as a common law obligation, or as to the omission of any necessary party or parties, or as to the correctness of the recitals of the bill. The bill is unchallenged except by demurrer for want of equity. Other grounds assigned for reversal are the action of the court in directing an issue to be tried by a jury, first as to whether the property levied on then was the property of the claimant, and, second, whether Kunst and Armstrong approved and accepted the bond as formally sufficient and the surety as adequate. The jury affirmatively answered both questions, but upon most meager proof and doubtfully questionable both as to competency and sufficiency.

There can be no reasonable doubt of the right of the plaintiff to maintain the bill or as to the relief he prays. The matters involved are intricate and cover many years of procrastination and controversy for the adjudication and settlement of which equity has facilities and powers not possessed by or available to courts of law, whose rules of procedure are more rigid and inflexible. Besides, the latter cannot in any form of action or by any adjudication settle and determine once and for all the matters in issue. The plaintiff invokes the court to grant him relief by enforcing for his benefit and protection the bond of Findley, should the court adjudge plaintiff to be liable to defendants or any of them for the defaults as regards the execution on the judgment. If entitled to this relief, there is no equally expeditious proceeding at law by which he could obtain it. These and other reasons well recognized as furnishing ample justification for resort to equity warrant the ruling on the demurrer to the bill. ''To deny equity jurisdiction because of a remedy at law, the legal remedy must be adequate to the demands of the particular

case, and as full, complete and efficacious as that given in equity, and must not leave open for future litigation matters really and substantially involved." *Warren* v. *Boggs,* 83 W. Va. 89, 97 S. E. 589, point 7, syllabus.

The direction of the issue out of chancery for trial by the jury as to the ownership of the property, unfortunately for the claimant if it was his, came too late, if the provisions of the statute for his protection are not to be disregarded altogether. Resort to the remedy thereby prescribed must, to avail, necessarily be prompt. Instead of being diligent, he was negligent and delayed action until resort to the remedies once available has now become impossible. His laches cannot now be excused, and he does not offer any explanation or justification for the delay. Apparently he relied with confidence upon the protection which he evidently assumed the forthcoming or delivery bond furnished. Such a bond unaccompanied by a preliminary bond to suspend or defer the sale until his claim was adjusted, as provided by section 4, ch. 107, Code, could not and did not warrant the act of the officer in permitting the property to remain in his possession. He should have required the claimant to give, or the latter voluntarily should have given, the bond allowed by section 4, and thus have suspended the sale until the claim of ownership had been determined by proceedings instituted in the circuit court, as provided by sections 5 and 6. *August* v. *Gilmer,* 53 W. Va. 65, 73. That is the mode authorized by the statute for that purpose. Generally it is the debtor who gives a forthcoming bond. The claimant is required by statute to give a suspending bond, though ordinarily after furnishing the latter he must, if he desire the property to remain in such possession as it was immediately before the levy, also give bond for its delivery if upon the trial his right thereto is determined against him. Section 7, ch. 107, Code; *Kunst* v. *Findley,* 73 W. Va. 152, 154.

Without the suspending bond the duty of the officer was to exercise the power to convert the property into liquid assets and discharge the debt represented by the judgment, regardless of the alleged hostile title. The purpose of such bond is to indemnify the officer and the execution creditors against

the damages either or both might sustain in consequence of the suspension of the sale, while the officer is further protected by the indemnifying bond which he may demand of the latter to protect him in carrying the execution into effect. Not having brought himself within the provisions of the statute by failing to give both bonds according to the provisions of sections 4 and 7, the claimant cannot in the face of such prolonged delay be permitted to invoke to his relief the remedy conditionally allowed by the statute. Besides, by not giving them, he irrevocably bound himself by the one he did give to do at the proper time one of two things as he might elect, namely, to pay the amount due on the execution, or, in lieu of payment in money, to produce the property and permit it to be sold and the proceeds applied according to the command of the writ.

As the property has ceased to exist or has become valueless by lapse of the intervening years, performance of the second alternative is now impossible and the obligors cannot avoid liability for the performance of the first, no valid defense being interposed and the bill being taken for confessed against the United States Fidelity and Guaranty Company, duly served with process to answer. This is the only logical conclusion to be drawn from that obligation considered and construed in the light of the statute. It determines the rights of the parties as regards their liability and the ownership of the property and to each other, so that the consequential damages must finally fall where responsibility first arose, that is, upon the party primarily at fault or whose neglect furnished the occasion for the loss that has occurred. The first act of omission or neglect is chargeable in the first instance to the obligors in the delivery bond, and only secondarily to Sayre. If the former do not for any legitimate or sound reason respond favorably to their conditional undertaking, the latter must account for his dereliction to the extent the obligees have suffered injury therefrom. *Lyon* v. *Horner,* 32 W. Va. 432; *Smith* v. *Hightower,* 80 Ga. 669.

Armstrong's approval of the bond given before its acceptance by the plaintiff, conceding the fact to be as alleged, does not operate as an estoppel or defeat recovery by the obligees,

or excuse the default of Sayre evidenced by his unauthorized act in permitting the property to be lost and by his failure to retake it and enforce against it the lien of the execution, in the absence of a suspending bond, without regard to the claim of adverse ownership. Though the bond given by him and his co-obligor is not such an instrument as the statute permits for the benefit of a debtor who desires to retain possession of property or pay the debt in the meantime, there is not, as we have said, any question raised as to its sufficiency and legality as a common law obligation. *Adler* v. *Green,* 18 W. Va. 201; *Hall* v. *Wadsworth,* 35 W. Va. 375; *Kunst* v. *Sayre,* 73 W. Va. 152; *Waterman* v. *Frank,* 21 Mo. 108; *Wilson* v. *White,* 82 Ark. 407. There is a manifest difference between the two, a difference recognized in the former decision. The first, construed in connection with the judgment and execution, has, when the property is not delivered as agreed and the bond is filed in the office of the clerk who issued the writ, the force and effect of a new judgment against the obligors, and the court may upon proper notice and motion award execution leviable upon their property. Sections 3 and 4, ch. 142, Code; *Cabell* v. *Given,* 30 W. Va. 760; *Kunst* v. *Sayre, supra; Walker* v. *Gamble,* 74 W. Va. 706. But no such speedy result is possible or allowable upon the second; none of any kind other than by the usual formal action prosecuted by the obligees to final judgment against the obligors.

It follows, therefore, that the sheriff was guilty of neglect of duty in accepting from the claimant what purported to be a statutory forthcoming bond, when only a suspending bond was authorized, and in not requiring the production of the property for sale at the time and place appointed. It further appears that Findley has breached his forthcoming bond, assuming it to be valid as a common law obligation, in not producing the property at the time and place provided, or paying the judgment in lieu thereof. Kunst, therefore, has a valid cause of action against each of them, but having elected to proceed against the sheriff, it is proper for the latter to invoke the broad powers of a court of equity to make Findley and his surety parties defendant, and, if found liable, to shift the burden thereof upon them as the parties ultimately liable.

Thus it is possible to adjudicate in one suit conflicting claims which, if permitted to proceed at law, will require two actions for final settlement, the one by Kunst against the sheriff, the other by the sheriff against the obligors in the forthcoming bond.

Therefore we are of opinion that the court correctly overruled the demurrer, but erred in granting the relief it did grant, for which reason we reverse the decree and remand the cause.                    *Reversed and remanded.*